Sedgwick *v.* Phillips.

---

ROBERT SEDGWICK, Appellant, *v.* EDWARD PHILLIPS, Appellee.

APPEAL FROM ROCK ISLAND.

*If exceptions are not taken to instructions, the Supreme Court cannot consider them.*

THIS was an action of assumpsit, commenced in the Rock Island Circuit Court, by appellant against appellee, at the September term, 1858, of said court.

Plaintiff's declaration contained a special count, for lumber sold and delivered to the defendant, and the common counts for goods sold and delivered, etc. Defendant pleaded the general

issue, and filed notice that on trial he would prove an offset of
$500.    Issue joined.

Plaintiff offered the testimony of *Porter S. Skinner*, who said,
I am one of the firm of Keator & Skinner, lumber dealers, at
Moline, Illinois ; our firm delivered lumber to Mr. Phillips, de-
fendant, on the order of Abraham Hartzell, to the amount of
$256.53 ; the order was accepted with the understanding that
the value of the lumber so delivered to Phillips, should be en-
dorsed on the note ; this has been done ; have been paid for the
lumber in this way.

The order for the lumber was in writing ; did not know Robert
Sedgwick in the transaction ; have no lumber charged to Robert
Sedgwick.

A verdict was rendered for defendant.    Plaintiff moved for a
new trial ; motion overruled, and plaintiff excepted.    Judgment
rendered for defendant, for costs.

A. WEBSTER, for Appellant.

B. C. COOK, for Appellee.

BREESE, J.    The instructions given by the court were not
excepted to on the trial, as the record shows, and we cannot
therefore now consider their propriety.    *Leigh* v. *Hodges*, 3
Scam. R. 17 ; *Gibbons* v. *Johnson*, ib. 63 ; *Hill* v. *Ward*, 2 Gilm.
R. 293 ; *Martin* v. *The People*, 13 Ill. R. 342 ; *Duffield* v.
*Cross*, ib. 700.

The proofs show that the defendant took the order for the
lumber from Hartzell, with the distinct understanding that it was
to pay Hartzell's debt to him, and to be charged to Hartzell, not
to himself.    On that order the defendant got the lumber, and we
know of no rule of law or principle of justice by which he could
be made the debtor of the plaintiff, by any arrangement made
between other parties behind his back, and to which he was not
assenting.

The merits are clearly with the defendant, and we affirm the
judgment in his favor.

*Judgment affirmed.*