# Leroy Payne et al.
## v.
## James Irvin.

*Landlord and Tenant—Fall of Sign upon Sidewalk—Injury to Passer by, Action for—Portion of Building Leased—Duty and Responsibility of Landlord—Error of Counsel in Addressing Jury—Bill of Exceptions.*

1. The lease of a portion of a building leaves the responsibility for what is not demised upon the landlord.

2. The duty rests upon the occupants of a building at least to exercise reasonable care to see that their sign is kept in a condition not to fall upon persons upon the sidewalk below. Whether the occupants are responsible to one injured by the fall of a sign absolutely without regard to care, *quære.*

3. The bill of exceptions failing to properly present questions as to instructions, those questions can not be considered here.

4. Error of counsel in addressing the jury overlooked, it not having affected the verdict in a way that could be complained of.

[Opinion filed March 4, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. Richard W. Clifford, Judge, presiding.

Mr. George F. Westover, for appellants.

Messrs. Weigley, Bulkley & Gray, for appellee.

Gary, J. But for the imprudence of counsel for the appellee, on the trial below, in going outside the evidence in addressing the jury, there would be in this case only the question whether the evidence supported the verdict. The most serious transgression in that direction was in telling the jury the amount of the verdict on a former trial, but as the amount of damages was not, and fairly could not, be assigned as a reason for a new trial, the imprudence may be overlooked, but all experiments in that line are dangerous.

The action is for an injury caused by the fall upon the appellee of a very heavy sign, standing upon one edge, and extending along the edge of the front wall of a one-story building fronting east on Michigan avenue, which had the name of the firm and business of the appellants upon it. The dimensions of the sign are not made certain by the evidence, but it was probably about five feet wide and sixty to sixty-five feet long. That building was one hundred and seventy feet deep and occupied by the appellants as a stable, except a part some twenty-five or thirty feet front by about sixty feet deep in the southeast corner, occupied as a shop for wagon and carriage work by the appellee, as tenant of the appellants. Under such circumstances, the duty of exercising at least reasonable care that the sign should be kept in a condition not to fall upon persons on the sidewalk below, was upon the appellants. They had the control of the whole building. The appellee was their tenant of but a small part of it. The sign was wholly theirs. A demise of parcels out of a building, leaves the responsibility for what is not demised upon the landlord. The roof, the halls and passages not demised, chimneys, eaves and outside walls remain the landlord's charge. 1 Taylor, L. & T., Sec. 175a. And so as to this sign. We said above, " at least exercise reasonable care," because the authorities are at variance; the English doctrine being more nearly that the responsibility of the appellants to one injured by the fall of the sign would be absolute, without reference to care. Losee v. Buchanan, 51 N. Y. 476; Tarry v. Ashton, 1 L. R. Q. B. D. 314, cited in Gleason v. Virginia Midland R. R., 140 U. S. 435; 1 Thompson on Negligence, 346. But nowhere is less than reasonable care required, and whether the appellants did exercise that care was a question fought out before the jury, with evidence which it would be useless to recite, justifying the verdict against them.

There is no question before us upon the instruction given for the appellee, or the modification of one asked by the appellants, which are criticised by the brief of the appellants. They filed, and the clerk has copied with what is

properly record, a paper specifying exceptions, but in the bill of exceptions there is no exception upon those points. Sedgwick v. Phillips, 22 Ill. 183; Van Cott v. Sprague, 5 Ill. App. 99.

This last case shows, accidentally omitting to mention verdict, what constitutes the record that may be regarded here, outside of the bill of exceptions.

The judgment must be affirmed.

*Judgment affirmed.*