## S. A. WILLARD

### v.

### NINA PETITT.

*Filed at Ottawa October 29, 1894.*

1. APPEAL—*expression in Appellate Court's opinion as to facts.* A statement in the opinion of the Appellate Court that the evidence is conflicting and irreconcilable, and that the court cannot go over two hundred and sixty-two pages of evidence to justify its conclusion, etc., does not show failure of the court to consider the evidence, so as to allow a review thereof by the Supreme Court.

2. MALICIOUS PROSECUTION—*evidence showing malice is proper.* Evidence that defendant in a suit for malicious prosecution inquired where she could get a lawyer to do a "dirty, mean trick," is admissible to show malice or bad faith on her part, where she claims that in causing plaintiff's arrest she acted in good faith, on the advice of counsel.

3. TRIAL—*refusal to admit further evidence after case is closed.* It is not an abuse of the discretion of the trial court, in a suit for malicious prosecution on a charge of theft, to refuse to allow the defendant, after the close of the evidence, to introduce proof that plaintiff once stole a pair of shoes, where *no reason is shown why* the evidence was not introduced upon defendant's case in chief.

4. PRACTICE—*exceptions to instructions must be preserved.* The rule requiring exceptions to be preserved to instructions, both on appeal and writ of error, has been so long established and so uniformly adhered to in this State that it will not be changed, even though the statute of 27 Elizabeth (chap. 8) renders such exceptions unnecessary on writ of error.

*Willard v. Petitt,* 54 Ill. App. 257, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. FRANCIS ADAMS, Judge, presiding.

Mr. L. M. SHREVE, for the plaintiff in error:

This court has decided that if the Appellate Court reverse without finding the facts, this court would reverse the finding, no error of law appearing. (*Thomas* v. *Insurance Co.* 108 Ill. 91.) Also, that the Supreme Court would presume the Appellate Court found the facts as did the court below. *Ottawa* v. *McGrath*, 91 Ill. 104.

The Appellate Court is bound to find the facts, at the time of rendering judgment, as part of the judgment. *Tibbetts* v. *Libbey*, 97 Ill. 552.

It must find the facts,—not simply certify that the evidence was heard, or that the evidence appeared to be conflicting. *Gray* v. *Agnew*, 95 Ill. 315.

Mr. WILLIAM E. HUGHES, also for the plaintiff in error:

The learned judge who wrote the short opinion filed in the Appellate Court says therein : "The instructions were not excepted to. We have, therefore, no question as to them before us." That statement is a grave misapprehension of the law. The statute 27 Elizabeth (chap. 8) gives an appellate court jurisdiction to review wrongful judgments on error of law. Errors of fact were corrected by an entirely different writ. The statute quoted is, of course, a part of the common law of this State. 1 Starr & Curtis' Stat. chap. 28, p. 563.

The statute of 27 Elizabeth (chap. 8) is quoted in full in 2 Tidd's Practice, 1139, and need not be copied here at length.

This writ of error is a writ of right, independently of any statute of appeals. *Bowers* v. *Green*, 1 Scam. 42; *Haines* v. *People*, 97 Ill. 161.

Messrs. MASTERSON & HAFT, for the defendant in error :

If exceptions are not taken to instructions, the Supreme Court cannot consider them, neither can the Appellate Court. *Sedgwick* v. *Phillips*, 22 Ill. 183, and cases cited ; *Kennedy* v. *People*, 40 id. 488.

Mr. JUSTICE CRAIG delivered the opinion of the court :

.This was an action on the case, brought by Nina Petitt, against plaintiff in error, to recover damages for an alleged malicious prosecution.   On a trial before a jury in the circuit court the plaintiff recovered a judgment, which, on error, was affirmed in the Appellate Court, and for the purpose of reversing that judgment this writ of error was sued out.

It is first insisted by counsel for plaintiff in error that the Appellate Court failed to consider the facts, and for that reason the judgment should be reversed and the cause remanded.   It is the duty of the Appellate Court to consider questions of fact as well as questions of law. But it does not appear from this record that the Appellate Court failed to consider the facts.   In the opinion of the Appellate Court it is said :   "We cannot go over the two hundred and sixty-two pages of evidence taken on the trial, to justify our conclusion that upon that evidence the question whether the plaintiff in error maliciously and without probable cause repeatedly prosecuted the defendant in error on the charge of larceny was such a question as the verdict of a jury is final upon.   The evidence is conflicting and irreconcilable.   The credibility of witnesses is for the jury.   *Clevinger* v. *Curry*, 81 Ill. 432."   From this statement it is argued that the Appellate Court declined to consider the evidence.   We are unable to place that construction on the opinion.   How could the court determine that the evidence was conflicting and irreconcilable unless the evidence was examined?   The expression, "We cannot go over the two hundred and

sixty-two pages of evidence taken on the trial to justify our conclusion," etc., does not warrant the conclusion of counsel that the evidence was not considered. All that the Appellate Court meant by what was said, was merely that it would not repeat or set out the evidence in the opinion to establish the fact that the verdict of the jury was predicated upon such a state of facts as would justify the court to treat it as final. This, in our judgment, is a fair and logical construction of what was said.

On the trial plaintiff called J. P. Corey as a witness, and in answer to the following question by plaintiff's attorney, "Did you have any connection with Mrs. Willard in relation to the case?" he answered: "She came into J. Underwood's office and asked where she could get a lawyer to do a dirty, mean trick. I referred her to old Turner. (Objection, overruled and exception.) She said she had Petitt arrested down town, and could not get justice, and she would try it up town. She said Petitt had stolen from her and she would make it warm for her." The ruling of the court in the admission of this evidence is pointed out in the argument as error. The defendant claimed that in causing the arrest of the plaintiff she acted in good faith, on the advice of counsel. This evidence was no doubt introduced for the purpose of showing malice or bad faith on the part of the defendant, and for that purpose we regard it as competent.

After the evidence had been closed by both parties, the defendant asked leave of court to introduce Mrs. Bromwell, to prove that she, on a certain occasion, saw plaintiff steal a pair of shoes. The court denied the application, and this is relied upon as error. When the defendant was making out her case in chief, that was the proper time to introduce this evidence if she desired to rely upon it. But after the defendant had introduced her evidence and closed her case, and the plaintiff had introduced her evidence in rebuttal, it was then a matter resting in the sound discretion of the court whether the case should be

re-opened and new evidence introduced, and we do not think that discretion was abused. The defendant had ample opportunity to introduce the evidence when she was making out her case in chief, and no satisfactory reason appears why the evidence was not then introduced.

Some minor objections have been made to the ruling of the court on questions of evidence, but they are not of sufficient importance to call for a discussion here.

It is also claimed that two of the instructions (Nos. 3 and 6) given to the jury were erroneous, and the Appellate Court erred in refusing to reverse the judgment on that ground. No exception was taken to the decision of the court in giving instructions, and for this reason the Appellate Court refused to consider the ruling of the circuit court on instructions.

It is, however, contended by plaintiff in error, that under the statute of 27 Elizabeth, (chap. 8,) which is a part of the common law, and, as such, in force in this State, where a record is brought up on writ of error, and error appears in the record, the error will be reviewed and corrected although no exceptions were taken at the time the error was committed in the trial court. It is conceded that under our practice allowing appeals in civil cases, on appeal instructions will not be reviewed unless objected to in the trial court and exception preserved to the ruling of the court at the time the instruction may be given or refused, as held in *Hilliard* v. *Walker*, 11 Ill. 644, and numerous other cases following the rule then established, but it is claimed that the rule which governs appeal cases does not apply where the case is removed to the Appellate or Supreme Court by writ of error. We shall not stop to consider the terms and conditions of the statute of 27 Elizabeth (chap. 8) for the purpose of determining whether the construction contended for by counsel is the correct one or not. The rule of practice requiring exception to be preserved to instructions, both on appeal and writ of error, has been so long established and so

uniformly adhered to that it would be unwise now to change the rule, even if it was wrong when first established, which we by no means concede. We will refer to a few of the many cases where the rule has been adopted.

As early as 1841, in *Leigh* v. *Hodges*, 3 Scam. 15, which was error to Montgomery county, the question arose, and it was there said: "It is a well settled rule, that exceptions to the charge of the judge should be taken at the time the charge is given, and before the jury retire. * * * It is too late to take the exception after the verdict is rendered." In *Gibbons* v. *Johnson*, 3 Scam. 61, which was also a writ of error, the same rule was declared. Again, in *Hill* v. *Ward*, 2 Gilm. 285, a writ of error to Williamson county, the rule was declared in the following emphatic terms : "The court is of opinion that the instructions desired by the plaintiff's counsel in this case were proper and pertinent, and that if an exception had been taken at the time they were refused, such refusal would have been error. This, as appears from the record, was not done, and it was not until after the jury had returned their verdict, that the plaintiff sought indirectly, on a motion for a new trial, to except to the ruling of the court in refusing these instructions, with which, at the time of the decision, he manifested no dissatisfaction. The doctrine that a party cannot except to the opinion of a court in giving or refusing instructions except at the time they are given or refused, is distinctly settled by this court in the case of *Leigh* v. *Hodges*, 3 Scam. 15, and it needs no argument nor authority to prove that a party cannot be permitted to assign for error in this court any decision or opinion of the circuit court made or expressed during the progress of a cause, in the propriety of which, at the time of its occurrence, he silently acquiesced." In *Dickhut* v. *Durrell*, 11 Ill. 72, writ of error to Adams, the same rule was declared. In *Sedgwick* v. *Phillips*, 22 Ill. 183, appeal from Rock Island, the same rule adopted in the cases on error was adhered to on appeal.

Numerous other cases might be cited, both writs of error and appeal, where the same rule has been declared, and in no case has any distinction been made, but, on the other hand, the same rule adopted on appeals has been established on writs of error. Moreover, no reason exists why one rule should be adopted on appeal and a different one on error. Here no exception was taken to the decision of the court on instructions, and on the motion for a new trial it was not urged, as a ground for granting a new trial, that the court had erred in giving instructions. It must therefore be presumed that plaintiff in error was satisfied with the decision of the court on instructions. At all events, the objection urged for the first time on error comes too late.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*