Booth v. Gaither.

---

## Ballington Booth v. Charles A. Gaither.

58  263
176s  19

1. COSTS—*In Chancery—Relief Impracticable—Bill Dismissed at Defendant's Costs.*—Where a complainant in chancery had a good cause when he filed his bill, but at the time of the hearing the relief prayed for had become impracticable, the bill should be dismissed at the defendant's costs, under Sec. 18, Ch. 33, R. S., entitled "Costs."

2. INJUNCTIONS—*Use of Advertising Spaces Protected.*—The fact that a person is occupying a store room of a one-story building, does not give him the right to control the space on the front, above the top of the ceiling joists, so as to prevent his lessor from leasing such space to another person for advertising purposes. The right to such space is a property right, and the owner may grant the use of it to another, who will be entitled to protection by injunction in his use of the same.

**Bill for Injunction.**—Error to the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1895. Reversed and remanded, with directions. Opinion filed April 4, 1895.

CHARLES E. POPE, attorney for plaintiff in error.

THORNTON & CHANCELLOR, attorneys for defendant in error.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

January 30, 1893, the plaintiff in error, as commander of the Salvation Army, became the lessee for a term to commence February 15, 1893, and running until September 1, 1894, of premises consisting of an auditorium and hall lead-

ing thereto from West Madison street. The lease did not include one-story stores standing on the front of the same lots that the auditorium stood upon. One of these stores was occupied by the defendant in error, and, as his answer admits, under the same source of title that the plaintiff in error claims under.

Above the stores on the street front, was a blank space of wall built of varying heights; being, over the store of the defendant in error, at the highest point nine feet, and at the lowest point five feet four inches higher than the ceiling of the store.

February 15, 1893, the lessor of the plaintiff in error granted to him for one year, the use of the space above all the stores for advertising the object and purpose of the army.

The plaintiff in error proceeded to paint upon one end of the space, the figures and words " 926 Salvation Army Citadel," and was proceeding to paint upon the other end, which was over the store of the defendant in error, the words and figures " And Men's Training Garrison 932," when the defendant in error prevented further progress.

The plaintiff in error filed this bill to enjoin the defendant in error from so preventing.

A preliminary injunction was granted, but upon the hearing, the bill was dismissed for want of equity at the costs of the plaintiff in error, and leave given to the defendant in error to file a suggestion of damages, which he did, and there proceedings below stop.

Before the hearing, the defendant in error had left the premises, and the leases of both parties have now expired, so that there is nothing at stake but the costs, and possibly damages under the suggestion. Yet, if the plaintiff in error had a good cause when he filed his bill, and relief had at the time of the hearing become impracticable or useless, by reason of the defendant in error leaving the premises, while the dismissal of the bill might have been harmless, still it should have been done at the cost of the defendant in error under Sec. 18, Ch. 33, " Costs." So the question now is, had the plaintiff in error a good case when he filed his bill?

That the space on the front, above the ceilings, or at least above the top of the ceiling joists, of the width of which there is in the record no evidence, remained in the possession of the landlord, is settled in Payne v. Irwin, 44 Ill. App. 105; S. C., 144 Ill. 482.

Without assuming uncommon ignorance (Fisher v. Jansen, 30 Ill. App. 91, affirmed 128 Ill. 549), we can not suppose the tops of the joists were more than a foot above the ceiling, which would leave a wide space, to which the defendant in error could make no claim.

Being a property right it follows that the landlord could grant the use of that space to another, who would be entitled to protection of such use, by injunction. Willoughby v. Lawrence, 116 Ill. 11.

The decree is wrong. It should have been one declaring that the equities were with the complainant at the time the bill was filed, but that he could now have no relief, because the defendant has ceased to be in a position to molest the complainant.

The decree is therefore reversed and the cause remanded, with directions to set aside the order granting leave to file a suggestion of damages, and enter a decree dismissing the bill at defendant's cost in accordance with this opinion. Reversed and remanded with directions.