### Frank G. Kammerer v. Cornelius H. Gallagher.

1. NEGLIGENCE—*Right of Recovery for Injuries.*—In order to entitle a person to recovery for personal injuries sustained by reason of the negligence of another, such person must show that he was himself at the time in the exercise of that care which a reasonable, prudent and cautious man would take to avoid injury under like circumstances.

Trespass on the Case, for personal injuries.   Appeal from the Superior Court of Cook County; the Hon. GEORGE W. BLANKE, Judge, presiding. Heard in this court at the March term, 1895.   Reversed and remanded. Opinion filed May 16, 1895.

JOHN H. BATTEN and DENT & WHITMAN, attorneys for appellant.

JAMES C. McSHANE, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

Upon the uncontroverted facts of this case the appellee ought not to recover.   The appellant owns two two-story frame houses, old, in a neighborhood which is in a transition state from low class residence to business, separated by a passage from the front sidewalk toward the rear of the premises, several feet lower than the front of the houses and sidewalk.   Fences ran along the inner edge of the sidewalk inclosing small plots in front of the houses. The passage was about three and one-half feet wide.   Each

story of each house was occupied by a different tenant, holding by the month. The duty to repair or keep in repair was therefore upon the appellant. Payne v. Irvin, 44 Ill. App. 105; 144 Ill. 482.

Just within the entrance to that passage, at the end of a short cross-walk leading from the sidewalk to the passage, stairs or steps in the passage were, and for considerable time had been, broken and dilapidated, though how much, is not easy to ascertain.

· From three o'clock in the afternoon until ten o'clock at night of the 8th day of September, 1891, the appellee spent the hours with a party of friends in the front room of the first story of one of the houses. He boarded there. He had never been up or down the steps, but had seen people going into, or coming out of, the passage.

At ten o'clock he wished to go to the rear of the premises without—for a sufficient reason—going through the house. Without any precaution, he walked into the passage, which was dark, and by reason of some break in the steps, fell, and has recovered for the injury alleged to have been sustained by the fall. The law of this State has, after a long deviation, returned, and now holds " as a condition to recovery by the plaintiff that the person injured be found to be in the exercise of ordinary care for his own safety." L. S. & M. S. Ry. v. Hessions, 150 Ill. 546.

" Ordinary care is that care which a reasonable, prudent and cautious man would take to avoid injury, under like circumstances." C. & A. R. R. v. Adler, 129 Ill. 335.

No prudent and cautious man, not escaping from danger, would in the night plunge into a dark passage way between dilapidated houses, either with knowledge that steps whose condition was unknown to him went down, or with no knowledge of what was there. A man of wealth so acting would be a desirable defendant at the suit of some one upon whom he fell and injured.

In principle, though perhaps not in degree, this case is like Butterfield v. Forrester, 11 East 60, often cited with approbation by the Supreme Court.

The judgment is reversed and the cause remanded.