## Madeline Meisel et al. v. W. F. Roos Company.

1. CHANCERY PRACTICE—*Where There is an Absence of Evidence to Support the Findings.*—Where the finding is of an ultimate fact deduced from law and fact, if the evidence in the case upon which the findings of the court may be supposed to be based is not preserved in the record, the presumption will be in support of the decree which is based upon the findings.

Bill to Have a Judgment Declared Null and Void.—Error to the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge

presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed February 27, 1903. Rehearing denied.

E. L. Rinehart, attorney for plaintiffs in error.

Under the rules of chancery practice in this state the party in whose favor the decree grants relief, must preserve the evidence in the record, unless the decree recites the facts proved on the hearing, or the decree will be reversed. Gage v. Eggleston, 26 Ill. App. 599; Ryan v. Sanford, 133 Ill. 291; Glos v. Beckman, 168 Ill. 74; Ames v. Stockhoff, 73 Ill. App. 427; Brand v. Kleinecke, 77 Ill. App. 273; Rump v. Rump, 94 Ill. App. 583; Lawrence v. Lawrence, 181 Ill. 248; Glos v. Beckman, 183 Ill. 158; Davis Paint Co. v. Metzger Oil Co., 188 Ill. 295.

Arnd & Arnd, attorneys for defendant in error.

Mr. Presiding Justice Waterman delivered the opinion of the court.

This was a bill to have declared null and void a certain judgment against defendant in error rendered by a justice of the peace.

The decree in pursuance of the prayer of the bill, entered upon the hearing of the cause, is in part as follows :

"This case having come on to be heard upon bill of complaint herein, and the answer of the defendants thereto, the replication of complainant to said answer, and the proofs, oral, documentary and written, taken and filed in said cause, and having been argued by counsel for the respective parties, now, therefore, on consideration thereof, the court finds, on the 13th day of November, 1899, the defendant, Emil A. W. Johnson, acting as a justice of the peace in the County of Cook and State of Illinois, rendered a certain judgment against the complainant for the sum of $124.90 and costs of suit, and that the said justice of the peace, at the time of the rendition of said judgment, was without jurisdiction to render said judgment against the complainant, and that the said judgment is null and void and of no effect."

The decree contains findings of fact which are sufficient to sustain the decree rendered by the Superior Court. The finding is of an ultimate fact deduced from law and fact.

That such finding is proper and sufficient to sustain a decree is held by the Supreme Court in an able opinion by Mr. Justice Mulkey, reported in Binkert v. Wabash Ry. Co., 98 Ill. 205, 214–215. To the same effect is the case of Secrist v. Petty, 109 Ill. 188, 190–192, and McKee v. Supervisors of Champaign County, 53 Ill. 477.

If dissatisfied with such finding, and claiming, as plaintiffs in error do, that they are wrong, they should have had the evidence preserved by a certificate thereof.

A judgment rendered by any court without having jurisdiction so to do is void. Whether the attack upon the judgment was by parol or written evidence can not be told in the absence of any showing of the nature of the proof adduced. Presumably it was such as warranted the court taking the action it did.

The defendant in error did not take an appeal from the judgment, apparently because he did not know of the judgment until it was too late for an appeal therefrom.

The decree of the Superior Court is affirmed.