## John Z. Vogelsang v. Peter F. Fredkyn.

### Gen. No. 13,037.

1. FINAL JUDGMENT—*what not.* A judgment is not final, in the technical sense, until a motion for a new trial which has been interposed thereto, has been overruled.

2. APPEAL—*what brings up for review.* Where a judgment is entered and a motion for a new trial and to set aside the judgment is interposed at one term, which motion is disposed of at a subsequent term, an appeal taken in the cause brings up for review not only the order denying the motion to set aside the judgment and for a new trial, but the judgment as well.

3. MOTION FOR NEW TRIAL—*when preserves for review the question whether upon the evidence a new trial should have been awarded.* Notwithstanding there was no written motion for a new trial, the question as to whether, upon the evidence, a new trial should have been granted, is preserved for review where it appears that a motion for a new trial was made, denied and exception taken.

4. PEREMPTORY INSTRUCTION—*when action of court in giving, not preserved for review.* Where the defendant did not except to the peremptory instruction given by the court to find a verdict for the plaintiff, the propriety of the giving of such instruction under the evidence is not preserved for review.

Vogelsang v. Fredkyn.

5. BAILMENT—*what establishes.* Where it appears from the evidence that the plaintiff entered the restaurant of the defendant to dine and that as he entered the place one of the head waiters of the defendant took his hat and overcoat and that the plaintiff did not know what such waiter did with them, a bailment is established.

6. BAILMENT—*what establishes prima facie case where article bailed is lost.* When the bailor shows a failure to deliver the property on demand, or a loss of or injury to the property while in the hands of the bailee, he makes out a *prima facie* case of negligence on the part of the bailee, and the burden is then on the latter to show that the loss or injury was not due to any want of ordinary care on his part.

7. CONTINUANCE—*when refusal of court to grant, not subject to review.* The question whether the trial court erred in refusing to continue a case because of the engagement of counsel, is not before the Appellate Court for review where the bill of exceptions shows no motion for continuance, no order denying such motion and no exception to the denial of such motion.

8. ASSIGNMENT OF ERROR—*when deemed argued.* An assignment of error which is not referred to in the appellant's brief either under the head of "Points and Authorities" or under that of "Argument" but is referred to in that portion of the brief styled "Statement," is deemed to have been argued and subject to consideration.

9. DEFAULT—*what affidavits seeking to set aside judgment by, should set up.* Affidavits filed in support of a motion to set aside a judgment by default, should set up facts which if true constituted a meritorious defense to the action.

Action commenced before justice of the peace. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYSTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1906. Affirmed. Opinion filed April 12, 1907.

**Statement by the Court.** This suit was begun before a justice of the peace and taken to the Superior Court by appeal. In that court it was tried by a jury on a day of the December term, 1905, in the absence of the defendant and his counsel, and a verdict rendered for the plaintiff for $58. Judgment was at once entered upon the verdict, and thereupon the defendant entered his motion to set aside the verdict and judgment, which motion was continued to the next term of the court. At the January term of the court the motion was denied, and from the judgment the defendant

prayed for and was allowed an appeal to this court, which was duly perfected.

The only evidence given upon the trial was the testimony of the plaintiff, which was as follows:

"I went into the place of business of the defendant, a restaurant, on Madison street, near Fifth avenue, this city, on Sunday evening in the latter part of January, about 6 o'clock. As I walked in one of the head waiters took my overcoat and hat and hung it some place, I don't know where, and showed me to a seat. I was in company with G. C. Strauss and we took dinner there. After dinner, when we were about ready to leave, one of the waiters looked for my overcoat and couldn't find it. The man who took my overcoat looked for it, and couldn't find it. There was an overcoat lost, and in it a pair of gloves, muffler and my hat.

The Court. What was the value of all the articles?

A. Fifty-eight dollars."

HAYNIE R. PEARSON and SAMUEL W. JACKSON, for appellant.

STEIN, MAYER, STEIN & HUME, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

Section 56 of the Practice Act gives to a party the right to move for a new trial, "during the term at which the judgment is entered." The motion for a new trial was entered on the day that the judgment was rendered. The judgment was not a "final judgment," in the technical sense, until that motion was determined. The motion was not disposed of until the next ensuing term, the January term, 1906. The "final judgment" was therefore entered at the January term and the appeal taken at that term brings before us, not only the order denying the motion to set aside the judgment, but the judgment also. Hearson v. Graudine, 87 Ill., 115.

There was no written motion for a new trial, but the bill

of exceptions shows that such motion was made, denied and an exception taken by the defendant, and this brings before us for review the question whether, upon the evidence, the motion for a new trial should have been granted. O., O. & F. R. V. R. R. Co. v. McMath, 91 Ill., 104; McCormick Mach. Co. v. Burant, 136 id., 176.

The defendant did not except to the peremptory instruction given by the court to find a verdict for the plaintiff, and the propriety of that instruction under the evidence is therefore not before us. Willard v. Petitt, 153 Ill., 663.

The plaintiff, according to his testimony, went to the restaurant of defendant to dine; as he entered the place, one of the head waiters of defendant took his hat and overcoat, plaintiff did not know what the waiter did with them, and after dinner the coat could not be found.

Upon this evidence, two questions arise: first, does it warrant and support a finding by the jury that the defendant was the bailee of the coat for the mutual benefit of the plaintiff and the defendant; and second, if he was such bailee, does the evidence warrant and support a finding by the jury that he was guilty of negligence owing to a want of reasonable care? We think the first question must be determined in favor of the plaintiff. It was so held in Ultzen v. Nicols (1894), 1 Q. B., 92, and Appleton v. Welch, 20 Misc., 343, 20 N. Y. S., 751, as between customer and restaurant keeper as to clothing delivered to a waiter; in Bunnell v. Stern, 122 N. Y., 539, as between customer and shopkeeper, as to a cloak laid on the counter by a customer, in order to try on a garment offered for sale by the shopkeeper; in Dilberto v. Harris, 95 Ga., 571, as between customer and owner of a barber shop, as to a hat placed by the customer on a hat rack while he was being shaved. See also 2 Cooley on Torts, 3rd Ed., 1330 to 1335, "Bailments for Mutual Benefit."

The second question must also be determined against the defendant. "When the bailor shows a failure to deliver the property on demand, or a loss of or injury to the property while in the hands of the bailee, he makes out a *prima facie*

case of negligence on the part of the bailee, and the burden is then on the latter to show that the loss or injury was not due to any want of ordinary care on his part." 2 Cooley on Torts, 3rd Ed., 1336, and cases there cited.

In our opinion the trial court did not err in denying the motion for a new trial upon the ground that the verdict was against the law or the evidence.

The question whether the court erred in refusing to continue the case on account of the engagement of counsel, although assigned for error, is not before us.

The bill of exceptions shows no motion for continuance, no order denying such motion, and of course no exception to the denial of such motion, and for that reason the question is not before us. I. D. & W. R. R. Co. v. Cohoon, 95 Ill. App., 92; Meisel v. Roos Company, 107 Ill. App., 179.

In the "Statement" in his brief, appellant urges, as a ground of reversal, that upon the affidavits, submitted after judgment, the court should have vacated the judgment and set aside the verdict, but this objection is not stated or referred to, either under the head of "Points and Authorities" or "Argument" in the brief. The question is raised by the fourth assignment of error, and although argued only in the "Statement," we think, must be treated as argued by appellant in his brief, and before us for determination. Upon a motion by the defendant to vacate a judgment and set aside a verdict, the affidavits must set out facts which, if true, constitute a defense to this action. The facts set out in the affidavit of defendant, which it is claimed constitute a defense to the action, are: that defendant had in his restaurant, hooks near the tables, on which guests could and should hang their hats and coats; that he had posted in his restaurant the following notices, printed in large letters: "Not responsible for hats, coats and umbrellas"; that affiant did not take possession of plaintiff's hat or coat, nor authorize his head waiter or any other waiter to accept hats or coats from guests; that he has not been able to find that any coat or hat was actually lost on his premises; that he has been unable to find any waiter who took possession of said

coat or hat, and that defendant expects to prove that neither the head waiter nor any other waiter took said hat or coat from the plaintiff, as alleged.

The fact that the defendant had the notices mentioned in his affidavit, in his restaurant, is immaterial unless the plaintiff had knowledge or notice of such notices, and that he had such notice or knowledge is not stated in the affidavit. Again, if the defendant, through his servants, took possession and charge of plaintiff's coat and became a bailee thereof, his responsibility therefor could not be limited or affected by such notices, in the absence of proof that plaintiff consented to the terms stated in such notices.

The affidavit states that defendant did not authorize his head waiter or any waiter to accept hats or coats from guests, but does not state that he did not permit them to do so. For all that appears, it was the custom of waiters in defendant's restaurant, as it is in other restaurants of the high class to which defendant's belongs, to take charge of the hats and wraps of guests when they entered the restaurant.

The fact that the defendant had not been able to find any waiter who took possession of plaintiff's coat, and his statement that he expected to prove that no waiter took said hat or coat, did not meet plaintiff's testimony that a waiter took his hat and coat as he entered the restaurant.

We think that the facts set out in defendant's affidavit do not constitute a defense to the action, and that therefore the trial court did not err in denying defendant's motion to vacate the judgment and set aside the verdict upon the affidavits filed.

The judgment of the Superior Court will be affirmed.

*Affirmed.*