## S. Rogers Touhy, Plaintiff in Error, v. Arthur B. Wells et al., Defendants in Error.

## Gen. No. 15,876.

1. INJUNCTIONS—*when bill should be dismissed.* Where the only object of a bill is an injunction the same should be dismissed for want of equity upon the dissolution of the injunction.

2. INJUNCTIONS—*when assessment of damages sufficiently sustained by finding.* If the decree finds as an ultimate fact that the damages awarded were sustained by the evidence heard, the decree is sufficiently supported.

3. DECREES—*when evidence need not be preserved to support.* If the decree is such that the court would be bound to render it in the event of a total failure of evidence, no evidence need be preserved to support it.

Error to the Circuit Court of Cook county; the HON. PAUL McWILLIAMS, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed November 20, 1911.

ADDISON BLAKELY, for plaintiff in error.

JOHN M. BLAKELY, for defendants in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

As we have, in an opinion in 15877, filed contemporaneously with this (*Post*, p. 195), declared that on June 8, 1909, in the cause McCagg v. Touhy, reported in 150 Ill. App. 15, we affirmed the order of September 30, 1907, as well in its effect on S. Rogers Touhy as on Catherine C. Touhy, we can hardly be expected to hold that the Circuit Court erred in dissolving an injunction which we must hold was improvidently granted to restrain the enforcement of an order of the Superior Court, which we had thus affirmed.

The only object of the bill was an injunction, and on the dissolution the bill was properly dismissed for want of equity.

To support such a decree no evidence need be preserved, "as that is the decree which the court would be bound to render in case of a total failure of evidence." Jackson v. Sackett, 146 Ill. 646.

This leaves as the only question before us, whether that part of the decree assessing the defendant's damages by reason of the wrongful suing out of the injunction at $200 is sufficiently supported in the absence of any certificate of evidence presented by either party, by the findings of the decree.

The part of the decree involved in this question reads as follows:

"This cause coming on to be heard upon the suggestion of damages in writing this day filed by the defendants to this cause, *and the court having heard evidence upon such suggestion and being fully advised doth hereby find that the sum of Two Hundred ($200) Dollars is the amount of damages heretofore sustained by said defendants by reason of the suing out of the temporary injunction in this cause and for obtaining a dissolution thereof.*

"And the court doth order, adjudge and decree that said defendants have and recover of and from said complainant the sum of Two Hundred ($200) and it is ordered that execution issue in their behalf and against complainant therefor."

Counsel for plaintiff in error say that this does not preserve the evidence. "To preserve the evidence," in the sense that it is necessary for a party in whose favor a decree is rendered to preserve it, it is sufficient that the findings of fact in the decree sustain the ordering part.

As this court pointed out in Meisel v. Roos, 107 Ill. App. 179, if when there is a finding of fact sufficient to sustain the decree, the defeated party is dissatisfied with it, it is for him to secure, by a certificate of evi-

dence, the preservation of the evidence on which the finding purports to be based. In a case such as the plaintiff in error, contrary to the express recitals of the decree, claims this to be, where no evidence is heard, "the certificate of evidence," like a bill of exceptions in an analogous case, could so show.

In the absence of any certificate of evidence or showing beyond "an assignment of error" annexed to the record we certainly must accept the recitals of the decree as correct, and that the court "heard evidence" on the suggestion of damages. Indeed this would seem to be rather confirmed by its appearing that when the plaintiff in error was granted an appeal, which he did not perfect, he was given twenty days to file "a certificate of evidence."

The question simply is, therefore, whether the finding of fact that "the sum of $200 is the amount of damages heretofore sustained by said defendants by reason of the suing out of the temporary injunction in this cause, and for obtaining a dissolution thereof" is sufficient to sustain the assessment of that sum. With some hesitation we decide that it is. It is very meagre—more meagre, it is true, than that which was sustained as sufficient in Kohlsaat v. Crate, 144 Ill. 14, for there the court found that "the sum allowed was paid out to solicitors and counsel."

But it is the finding of an ultimate fact on evidence, and if the defendant was to this extent damaged, he was entitled to recover the amount. While not approving the meagreness or the form of the finding, we do not feel obliged to reverse the decree on account of it, and it is affirmed.

*Affirmed.*