(No. 21066.—)

G. L. ARMSTRONG, Appellant, *vs.* CUD WILKINSON,
Appellee.

*Opinion filed December 17, 1931.*

HARRY B. HERSHEY, and HAROLD S. WILLIAMS, for
appellant.

HOGAN & COALE, LEAL W. REESE, and D. W. JOHN-
STON, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

At an election held in the city of Taylorville on April 21,
1931, five candidates for the office of mayor were voted
for and upon the canvass of the votes Cud Wilkinson was
declared elected. On May 12 G. L. Armstrong, another
of the candidates, filed a petition in the county court of
Christian county to the June probate term to contest the
election, making all the other candidates who were voted
for, parties defendant. On the first day of the June term
of the county court all the defendants except Wilkinson
were defaulted. Wilkinson filed a motion to dismiss the

petition, for the reason, among others, that it was not properly verified. The verification was in these words:

> "G. L. Armstrong, being duly sworn, on oath says that he has read the foregoing petition to which his name is subscribed and that he knows the contents thereof; that the matters and things therein contained as therein stated, except such matters as are therein stated to be on information and belief and as to such matters, he verily believes them to be true.    G. L. ARMSTRONG."

This motion was taken under advisement until June 16, and on that day the court ordered that the motion to dismiss the petition be allowed. On June 23, a week after the allowance of the motion to dismiss the petition, the petitioner moved for leave to amend the petition. This motion was taken under advisement by the court, and on July 25 it was overruled and the court again ordered the petition dismissed. From this judgment the petitioner prayed an appeal to the Supreme Court, which was allowed upon his filing an appeal bond in sixty days, and sixty days were allowed within which to file a bill of exceptions. The bond and bill of exceptions were filed on September 11, within the time prescribed in the order allowing the appeal. Wilkinson, the appellee, has filed a motion here to strike certain portions of the bill of exceptions and to dismiss the appeal, and it has been taken with the case.

Bills of exceptions must be taken at the term at which the rulings excepted to were made or within such extended time as may have been granted by an order of the court made at that term. No bill of exceptions was taken at the June term to the order of June 16 dismissing the petition and no order was made extending the time for that purpose, and the motion to strike the portion of the bill of exceptions, so far as it relates to the proceedings of the June term, must be allowed. The motion of June 23 did not ask that the order of dismissal of June 16 be set aside but only asked to amend the petition. If this motion be regarded as preserving the jurisdiction of the court over the cause at the

July term to enable the court to pass upon the question of setting aside the order of June 16 and permitting the amendment of the petition, still the order of July 25 refusing leave to amend was not erroneous. Chapter 46 of the Revised Statutes (sec. 113 of the general Election law of 1872) requires the contestant of an election to file with the clerk of the proper court, within thirty days after the person whose election is contested is declared elected, a statement in writing setting forth the points on which he will contest the election, which statement must be verified by affidavit in the same manner as bills in chancery may be verified. We held in *Daugherty* v. *Carnine,* 261 Ill. 366, that these conditions were jurisdictional; that an observance of them is a condition precedent to the exercise of jurisdiction by the court, and the requirement of a statement in writing setting forth the points of contest, verified by affidavit in the same manner as bills in chancery may be verified and filed with the clerk of the proper court within thirty days after the declaration of the election, must be complied with or the court will have no jurisdiction in the case. It will be observed that the supposed affidavit verifying the petition does not state that the matters and things contained in the bill are true as therein stated, and, in fact, contains no reference to the truth of the statement except as to such matters as are stated to be on information and belief. The incomplete affidavit was no verification of the statement, and although the petitioner was permitted to amend it on June 3 by inserting the words "are true" after the word "contained," this was thirteen days after the thirty days which was the limit within which the petition was required to be filed.

The judgment of the court was right, and it is affirmed.

*Judgment affirmed.*