## Pearl McKinney, Defendant in Error, v. Cosmopolitan Life Insurance Company, Plaintiff in Error.

Heard in this court at the May term, 1931. Opinion filed February 29, 1932.

WARD P. HOLT, RUFUS M. POTTS and C. W. ARMSTRONG, for plaintiff in error.

HARRY F. JOHNSON and SMITH & SMITH, for defendant in error.

MR. JUSTICE EDWARDS delivered the opinion of the court.

Pearl McKinney, defendant in error, hereafter designated as plaintiff, sued plaintiff in error, to be hereafter referred to as defendant, to recover on a policy of insurance on the life of her deceased husband, Roy McKinney. At the trial, during the September term, 1930, defendant offered no evidence, and the court directed a verdict for plaintiff in the sum of $1,064. Judgment was at once rendered on the verdict, the date being November 18, 1930. On the following day, it still being of the same term of court, defendant filed its motion for a new trial. The motion was pending and undisposed of until the January term, 1931, when the court granted plaintiff leave to amend the declaration, and later, during the same day, overruled defendant's motion for a new trial. Defendant then moved in arrest of judgment, and the motion being overruled, has assigned the rulings of the trial court upon such motions, as error.

Three principal grounds are urged to reverse the judgment:

First, that the application of the insured contained certain warranties as to his condition of health at the time of the application, and when the policy was delivered; that the application was a part of the contract of insurance; that there was a failure to aver and prove the truth of such warranties and representations, and therefore plaintiff was not entitled to a recovery. The provisions of the application, thus argued, are not shown in the abstract; consequently such questions are not before this court for review, since every matter upon which error is assigned must appear in the abstract of the record. *City Electric Ry. Co. v. Jones*, 161 Ill. 47.

Defendant, secondly, contends that the court erred in overruling its motion for a continuance of the cause. It appears that such motion was made and overruled at the September, 1930, term of court. Defendant did

not move for, or take, a bill of exceptions at that term of court, challenging the correctness of the ruling, nor ask for an extension of time for such purpose. As a result, the question whether the court's ruling on the motion was erroneous, is not saved for review. *Bromwell v. Estate of Bromwell,* 139 Ill. 424; *Armstrong v. Wilkinson,* 346 Ill. 322.

Lastly, defendant insists that error was committed by granting leave to amend the declaration, at the January, 1931, term of court.

Section 39 of the Practice Act, Cahill's St. ch. 110, ¶ 39, provides that the court, in civil cases, may grant leave to amend pleadings, etc., in any matter of form or substance at any time before final judgment. It is obvious that the decision of the question turns upon the character of the judgment rendered November 18, 1930. If it was final, the court had no power to permit the amendment; if not final, the amendment might be allowed in the court's discretion.

In section 77 of the Practice Act, Cahill's St. ch. 110, ¶ 77, it is provided, among other things, that a motion for a new trial may be made before final judgment, or during the term at which judgment is entered, and that upon such motion being filed, final judgment shall be stayed until the motion is heard.

In the instant case, defendant, the day following the rendition of judgment, and at the same term, moved the court for a new trial. The effect of such motion has been several times before the reviewing courts of this State, and the settled rule now is that when such motion is so filed, it stays a final judgment in the cause until the motion is overruled. *Village of Hinsdale v. Shannon,* 182 Ill. 312; *Hearson v. Graudine,* 87 Ill. 115.

The judgment remained under judicial consideration during the pendency of such motion, and only took on the character of finality when it was overruled. *People v. Gary,* 105 Ill. 264.

The motion for a new trial was pending until the January, 1931, term, when it was overruled. The final judgment in the cause was therefore entered at said January term. *Vogelsang v. Fredkyn,* 133 Ill. App. 356.

The leave to amend was granted before the motion for a new trial was overruled, hence was previous to final judgment, and within the discretionary power of the court.

The judgment is affirmed.

*Judgment affirmed.*