(No. 26419.—

LOUIE GRAVES, Appellee, *vs.* L. H. NEEDHAM, Appellant.

*Opinion filed January 20, 1942.*

D. A. MILLER, and JOE CRAIN, for appellant.

E. N. BOWEN, and FLETCHER LEWIS, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

On November 8, 1938, an election was held for the office of county commissioner of Pulaski county. The official canvass disclosed that L. H. Needham, the Republican candidate, received 3297 votes and Louie Graves, the nominee of the Democratic party, 3284. December 3, 1938, Graves filed a petition in the circuit court of Pulaski county to contest the election. The verification was, as follows:

"Louie Graves, after being first duly sworn, on oath deposes and states: That he has read the above and foregoing petition and knows the contents thereof; and that the matters and things therein stated are true of his own knowledge in substance and in fact (except such matters as are stated on information and belief) and that as to such matters he believes them to be true."

Thereafter, on February 23, 1939, Graves made a motion to amend his petition and verification by striking out the parentheses and by inserting, following the word "stated," the words "therein to be." Permission was granted to amend the affidavit to the petition in the particulars described. Needham's motion to dismiss the amended petition and his motion at the close of all the evidence to dismiss the action were denied. The court found that Graves received a majority of 20 votes and he was declared legally elected to the office of county commissioner. Needham prosecutes this appeal.

The single question presented for decision is the propriety of the order allowing Graves to amend his verification after the time for filing a petition had expired. Section 113 of the General Election law (Ill. Rev. Stat. 1941,

chap. 46, par. 116, p. 1418,) as amended in 1935, prescribes that the person desiring to contest an election shall, within thirty days after the person whose election is contested is declared elected, file with the clerk of the proper court a statement, in writing, specifying the points on which he will contest the election, "which statement shall be verified by affidavit in the same manner as complaints in. other civil cases may be verified." Section 116, as amended, declares: "The case shall be tried in like manner as other civil cases." Section 35 of the Civil Practice act (Ill. Rev. Stat. 1941, chap. 110, par. 159, p. 2421) declares, in part: "In pleadings which are verified by the oath of the party, the several matters stated shall be stated positively or upon information and belief only, according to the fact." Where a pleading is filed in apt time, section 46 (Ill. Rev. Stat. 1941, chap. 110, par. 170, p. 2423) permits any amendment, after the time for commencing suit, to set up a cause of action on any claim which was intended to be brought by the original pleading, provided only, that it grew out of the "same transaction or occurrence," namely, the same action. It is not necessary that the original pleading technically state a cause of action, or that a cause of action set out in the amendment be substantially the same as any cause of action stated in the original pleading. In *Metropolitan Trust Co.* v. *Bowman Dairy Co.* 369 Ill. 222, we said: "These changes, together with the judicial construction of the prior statutes, evince the legislative intent to remedy the evils incident to the former legislation and to preserve causes of action against loss by reason of technical rules of pleading."

It is true, as appellant, Needham, maintains, that a proceeding to contest an election is wholly statutory, and the jurisdiction of courts over election contests must be exercised only in accordance with the statute. (*Daugherty* v. *Carnine,* 261 Ill. 366.) The requirement that the person desiring to contest an election shall file a statement, verified

by affidavit, is jurisdictional, and if the statement is not sworn to the court has no jurisdiction of the cause. (*Armstrong* v. *Wilkinson,* 346 Ill. 322; *Daugherty* v. *Carnine, supra.*) Here, a verified petition was filed within thirty days after the election. If the verification was defective because of the omission of the words "therein to be" the vice was cured by the amendment allowed on February 23, 1939. This amendment meets the requirements of paragraph 2 of section 46 of the Civil Practice act. Accordingly, it relates back to the filing of the petition and is not barred by the thirty-days' limitation of section 113 of the General Election law. To hold otherwise would render nugatory the ameliorative provisions of section 46 of the Civil Practice act.

*Armstrong* v. *Wilkinson, supra,* cannot avail appellant. Armstrong's verification differs essentially from appellee Graves' original affidavit. The former neither affirmed that the matters and things contained in the petition were true as therein stated, nor, in fact, contained any reference to the truth of the statement except as to such matters as were stated to be on information and belief. This court observed: "The incomplete affidavit was no verification of the statement, and although the petitioner was permitted to amend it on June 3 by inserting the words 'are true' after the word 'contained,' this was thirteen days after the thirty days which was the limit within which the petition was required to be filed." Here, appellee's affidavit did state: "The matters and things therein stated are true of his own knowledge in substance and in fact." Moreover, the *Armstrong case* was decided prior to the enactment of section 46 of the Civil Practice act.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*