JOHN OWEN CLARK, SR., Plaintiff-Appellant, *v.* JAMES "SON" ULRICH *et al.*, Defendants-Appellees (Lallah Spurlock, Clerk of the County of Pulaski, Appellee).

Fifth District   No. 83—146

Opinion filed January 5, 1984.—Rehearing denied February 7, 1984.

E. Charles Geittmann, of E. Charles Geittmann, P.C., of Metropolis, for appellant.

W. C. Spomer and Mark S. Johnson, both of Law Offices of W. C. Spomer, of Cairo, for appellee Henry Schnaare.

JUSTICE KASSERMAN delivered the opinion of the court:

This appeal involves an election contest. The election, for county commissioners of Pulaski County, Illinois, was held November 2, 1982. Plaintiff was defeated; and James "Son" Ulrich and Henry Schnaare, defendants herein, were elected. Lallah Spurlock, county clerk of Pulaski County, is designated a nominal party defendant. The circuit court of Pulaski County dismissed plaintiff's petition with prejudice on February 22, 1983, concluding that that court was without subject matter jurisdiction because plaintiff's petition was not properly verified. Plaintiff appeals.

Plaintiff's petition states in general terms that the election judges for the election in question had committed fraud, mistakes and irregularities in the conduct of the election. Thereafter, in paragraph 11 of the petition, plaintiff lists eight election precincts of Pulaski County and, for each precinct, separately sets forth more specific allegations as to each said precinct. As to Mound City Precinct Number Two, those allegations are as follows:

"1. That the Judges of election of this precinct wrongfully refused to count certain ballots they judged to be defective by reason of identifying marks which in fact were not identifying marks and said ballots should have been counted, which ballots were voted for plaintiff by the voter.

2. That the Judges of Election of this precinct upon finding a ballot that could not be counted by the mechanical counter failed to properly duplicate another ballot for counting in that they voted the duplicate ballot for the wrong candidate, or a candidate for whom the voter did not vote, resulting in the failure to count votes properly cast for the plaintiff.

3. That the Judges of Election of this precinct improperly and illegally rejected and refused to count certain absentee ballots for the following reason:

(a) The absentee voter enclosed or placed his or her ballot in one or more envelopes and either affixed tape or a seal to the flap of said envelope to securely protect same against opening and changing the vote thereof or in his or her presence saw and observed tape or a seal so affixed to the flap of said envelope that it was secured against opening. That upon encountering envelopes with ballots so enclosed and sealed the Judges of Election wrongfully rejected said ballots and refused to count same and upon information and belief plaintiff believes said ballots were rejected and refused for the reason the Election Judges believed them to have been

opened and re-sealed when in fact they were not so opened and re-sealed. Said ballots were all contained in envelopes required by law and furnished by Lallah Spurlock, County Clerk of Pulaski County.

4. The Judges of Election refused to count certain absentee ballots because they wrongfully found that the signature upon the ballot envelope and the poll books and other records did not correspond.

5. The Judges of Election refused to count certain absentee ballots for the reasons not prescribed by law.

6. The Judges of Election wrongfully determined and therefore refused to count certain absentee ballots of voters legally qualified to vote who they in fact claimed were not legally qualified to vote."

The allegations relating to the other seven precincts are virtually verbatim duplications of the allegations as to Mound City Precinct Number Two. Plaintiff's petition concludes with the affidavit:

"JOHN OWEN CLARK SR. being first duly sworn, deposes and states that I am the plaintiff in this cause, that I have read the above-captioned Petition to Contest Election of Pulaski County Commissioners In the General Election of November 2, 1982, that I have knowledge of the facts contained therein and the foregoing document is true and correct in substance and in fact."

Plaintiff urges that this affidavit was sufficient verification of the petition to confer jurisdiction upon the circuit court and that the court should have permitted plaintiff to amend his complaint. While conceding that the purported verification was defective, plaintiff urges that the petition contains sufficient allegations of fact, properly sworn to, to state a cause of action within the jurisdiction of the circuit court. Defendants maintain that the affidavit was fatally defective and that the circuit court did not acquire jurisdiction of the cause.

Section 23—20 of the Election Code states, in pertinent part:

"The person desiring to contest such election shall, within thirty (30) days after the person whose election is contested is declared elected, file with the clerk of the proper court a petition, in writing, setting forth the points on which he will contest the election, which petition shall be verified by affidavit in the same manner as complaints in other civil cases may be verified." (Ill. Rev. Stat. 1981, ch. 46, par. 23—20.)

Section 2—605(a) of the Code of Civil Procedure provides that, in verified pleadings, "*** the several matters stated shall be stated posi-

tively or upon information and belief only, according to the fact." Ill. Rev. Stat. 1981, ch. 110, par. 2—605(a).

The issue presented by the instant appeal is whether plaintiff's affidavit was sufficient to invoke the trial court's jurisdiction over this cause.

Defendants observe that the following affidavit was held to be sufficient:

> "[That plaintiff has] 'read the foregoing petition subscribed to by him and knows the contents thereof, and that the same is true except as to matters therein set forth upon information and belief, and as to such matters he believes them to be true.' " (*Farrell v. Heiberg* (1914), 262 Ill. 407, 409, 104 N.E.2d 835, 836.)

The instant affidavit does not refer to the matters alleged upon information and belief. However, the instant allegations upon information and belief are unusual in that each one states, not only "upon information and belief," but also, immediately following, "plaintiff believes." As demonstrated by *Farrell v. Heiberg*, plaintiff's verification that he believed each allegation that was made upon information and belief should have been made collectively in the affidavit. The instant affidavit was defective in that regard. However, since plaintiff positively stated his belief in each allegation upon information and belief contemporaneously with that allegation, we view said defect as one of form only, and not sufficient to render void any judgment subsequently entered.

We also note that while each allegation made upon information and belief is made together with the allegation that plaintiff believes it, plaintiff does not expressly state that he believes it to be true (see *Farrell v. Heiberg*); however, we find that to be the necessary import of plaintiff's several such statements. Accordingly, this omission is curable by amendment and does not constitute a failure to properly invoke the jurisdiction of the circuit court.

Defendants' citations of authority are not sufficiently apposite to support a contrary conclusion. The verification in *Girhard v. Yost* (1931), 344 Ill. 483, 176 N.E. 899, was on information and belief only, while the petition was on direct statements of fact and contained no allegations on information and belief. The affidavit in *Armstrong v. Wilkinson* (1931), 346 Ill. 322, 179 N.E. 97, verified only as to allegations made upon information and belief. Also, both of these cases were decided prior to our legislature's liberalization of the rules of pleading and amendment of pleadings. (See Ill. Rev. Stat. 1981, ch. 110, par. 2—616; *Graves v. Needham* (1942), 379 Ill. 25, 28, 39 N.E.2d

321, 322.) Further, there was no verification whatsoever in *Doelling v. Board of Education* (1959), 17 Ill. 2d 145, 160 N.E.2d 801.

For the foregoing reasons, the judgment of the circuit court of Pulaski County is reversed and the cause remanded for further proceedings.

Reversed and remanded.

JONES and KARNS, JJ., concur.