## E. L. RYAN

*v.*

## GEORGE LANDER.

PLEA *denying officer's return—must be verified.* A plea in abatement, contradicting an officer's return of service upon a defendant in the county where the suit is brought, and setting up that the service was in another county, where the defendant resided at the time, is properly stricken from the files, if not verified by affidavit.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of covenant, brought by Lander, against the Brewers' Insurance Company of Milwaukee and Ryan. A summons was issued to the sheriff of Cook county. The sheriff returned the same with this indorsement: "Served this writ on the within named E. E. Ryan by reading the same to him the 31st day of October, 1876, the other defendant not found in my county."

The declaration having been duly filed, defendant Ryan, at the return term, pleaded to the action, that he is and was a resident of Will county, and not of Cook county; that he was not found in Cook county nor served with process in Cook county, but was found and served in the county of Will, and not elsewhere; that his co-defendant resides in Wisconsin, and was not served with process in Cook county.

On motion of plaintiff's attorney, this plea was ordered by the court to be stricken from the files, and it was ordered that defendant Ryan should plead to the merits within four days. Failing to plead over, judgment, for want of a plea, was entered against Ryan, and from this judgment Ryan appeals to this court.

Mr. FRANK A. JOHNSON, for the appellant.

Messrs. BRANDT & HOFFMAN, for the appellee.

Per CURIAM: The only ground for reversing this judgment, which has been seriously urged, is that the court ordered this plea to be stricken from the files. By the strict rules of the common law of England, the return of an officer could not be contradicted by plea or proof. The only remedy for a false return was by action against the officer.

In this State, that rule has been relaxed, and under certain circumstances a contradiction of the officer's return has been permitted.

The ground upon which this modification of the practice has been upheld is, that otherwise, very serious injustice might result to the party, for which an action against the officer would be, in many cases, a remedy wholly inadequate. This plea, however, was not verified by affidavit, or otherwise. In no case, to which our attention has been called, has a plea, contradicting the return of an officer, been received or tolerated, without a verification upon oath. We think the court below was right in striking the plea from the files for the reason that it was not so verified.

The judgment must be affirmed.

*Judgment affirmed.*