EDWARD ROTTNER, Appellee, *vs.* JOHN F. BUCHNER, Appellant.

*Opinion filed October 28, 1913—Rehearing denied Dec. 5, 1913.*

1. ELECTIONS—*burden is upon contestant to show that ballots are in same condition as when cast.* The mere fact that ballots have not been strung, sealed and kept in the manner prescribed by statute is not conclusive against their weight as the best evidence of the result of the election, but the contestant has the burden of showing that they are the ballots cast at the election and that they are in the same condition as when cast.

2. SAME—*an unlawful interference with ballots need not be shown in order to discredit them.* It is not necessary, in order to invalidate the ballots as the best evidence, that an unlawful interference with them be shown, and it is sufficient if it appears that reasonable opportunity for interference by unauthorized persons was given.

3. SAME—*when ballots are not properly preserved.* Ballots cannot be said to have been properly preserved in the county clerk's office where the evidence shows that the bags containing the ballots were kept for several weeks where unauthorized persons might readily have gained access to them, some of the bags being sealed only with mucilage, some of them open, with the ballots exposed, some of them containing ballots which had never been strung on wire, one in which the wire had been cut, and one in which there were holes in the ballots but no wire in the bag.

4. SAME—*when result must be determined by returns.* If the ballots have been so carelessly kept as to discredit them the result of the election must be determined by the returns, where there is nothing to impeach the returns except a discrepancy in one of the precincts which does not affect the result of the election whatever is done with such precinct.

CARTER, J., dissenting.

APPEAL from the County Court of LaSalle county; the Hon. W. H. HINEBAUGH, Judge, presiding.

ARTHUR H. SHAY, H. L. RICHOLSON, and BOYS, OS-BORN & GRIGGS, for appellant.

W. A. PANNECK, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellant and the appellee were candidates for the office of recorder of deeds of LaSalle county at the election of November 5, 1912. The appellant was declared elected. The appellee contested the election and had judgment in his favor, and the defendant appealed.

The judgment against the appellant was based upon a re-count of the ballots, and it is insisted that, in view of the evidence in regard to their care and preservation after their return to the county clerk's office, they ought not to be permitted to overthrow the result shown by the returns of the judges and clerks of election as declared by the county canvassing board. The returns were delivered to the county clerk's office the day after the election, from all the seventy-two voting precincts of the county except one, whose returns were delivered the second day. As they came in they were piled on the floor of the north room of the clerk's office, which consisted of two rooms, with a vault connecting with the north room. The next day the bags containing the ballots were removed to the vault, where they were piled on the floor, against the east wall. The records of the county clerk's office were kept in the vault and it was entered daily by many persons, sometimes accompanied by the clerk or a deputy but often alone. The bags were not sealed with wax impression seals. Many of them were not sealed with wax at all but only with mucilage, and several of them were open and the ballots were

exposed. There were several bags in which the ballots had never been strung on wire, one in which the wire had been cut, and one in which there were holes in the ballots but no wire in the bag. There was a circular stairway leading from the vault to the floor below and opening through a door into a public hall. The vault door was not locked in the day time and is not shown to have been kept locked at night. During the noon hour no one was in the office, and the transom over the door into the hall was always open. The janitor and engineer had keys to the office but were not examined as witnesses.

According to the returns the appellee received 7583 votes, the appellant 7656. According to the re-count of the ballots the appellee received 7804 votes (a gain of 221) and the appellant 7675 votes, (a gain of 19.) Of the appellee's gain 166 votes were gained in four precincts, being 56, 50, 38 and 22, respectively. Nothing appears to impeach the returns in any precinct except a discrepancy of 50 votes in the fifth precinct of Ottawa between the tally list and the poll-book.

Where the ballots have been preserved in such a way that it clearly appears that they are in the same condition as when counted, they constitute the best evidence of the result of an election. Even though they have not been strung, sealed and kept in the precise manner directed by the statute, the disregard of the statutory provisions is not conclusive against their weight as evidence, but the burden rests upon the contestant to show that the ballots are those cast at the election and that they are in the same condition as when cast. Unless their preservation is shown to have been such that there has been no reasonable opportunity for tampering with them they cannot overcome the returns. (*Graham* v. *Peters,* 248 Ill. 50; *West* v. *Sloan,* 238 id. 330.) In this case the ballots were not sealed up and protected in the manner required by law, but were for several

weeks kept in a place where unauthorized persons might readily gain access to them. It is not necessary that an unlawful interference with the ballots should be shown, but it is enough, to invalidate them as evidence,· that the opportunity for the interference of unauthorized persons existed. The evidence in regard to the care of the ballots did not justify a decision based upon a re-count of them contrary to the returns of the judges. The conclusion is not affected by a consideration of the discrepancy in the returns from the fifth precinct of Ottawa, for the same result is reached whatever may be done with that precinct.

The judgment is reversed and the cause remanded, with directions to dismiss the petition.

*Reversed and remanded, with directions.*

Mr. JUSTICE CARTER, dissenting.