GEORGE A. DAUGHERTY *et al.* Appellees, *vs.* D. W. CAR-
NINE, Appellant.

*Opinion filed December 17, 1913—Rehearing denied Fcb. 6, 1914.*

1. ELECTIONS—*proceeding to contest election is wholly statutory.* A proceeding to contest an election is wholly statutory, and the jurisdiction of courts over election contests must be exercised only in accordance with the statute.

2. SAME—*filing petition not verified by affidavit does not give court jurisdiction.* The statutory requirement that the person desiring to contest an election shall file a statement; verified by affidavit, setting forth the points upon which he will contest the election, is jurisdictional to the same extent as the requirements that the statement shall be in writing and be filed with the clerk of the proper court within the thirty-day limit prescribed, and if the statement is not sworn to the court has no jurisdiction of the case.

3. PLEADING—*when filing a demurrer does not waive previous motion to strike.* A motion to strike an unsworn petition to contest an election from the files is not waived by the filing of a demurrer after the motion to strike is overruled, as the objection is not an objection to jurisdiction of the person but of the proceeding itself.

4. APPEALS AND ERRORS—*when sufficiency of petition is determined by petition itself.* Where a motion to strike an unsworn petition to contest an election from the files is denied and no motion to amend the petition to show that it was sworn to is offered and no amendment is, in fact, made, the sufficiency of the petition must be determined, on appeal, by the petition itself.

APPEAL from the County Court of Moultrie county; the Hon. ISAAC HUDSON, Judge, presiding.

J. K. MARTIN, and E. J. MILLER, for appellant.

F. M. HARBAUGH, for appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

At the town election held on the first day of April, 1913, in the town of East Nelson, Moultrie county, D. W. Carnine was declared duly elected to the office of commissioner of highways, and he thereafter qualified and entered upon the duties of his office. On April 10 George A. Daugherty, W. I. Martin and J. B. Tabor filed a notice and petition in the county court of said county to contest Carnine's election. The petition alleged that the contestants were actual residents of the township, and that they were, and had been for the year last past, legal electors of said township. A summons was issued for Carnine, and he appeared and entered a limited appearance for the purpose of making a motion to strike the petition from the files. This motion was overruled. Thereupon the defendant filed a general demurrer to the petition, which was also overruled. The defendant declining to answer further, the court proceeded to hear testimony and apparently made a re-count of the ballots. A judgment was entered finding that W. M. Shaw was legally elected to the office of commissioner of highways. The defendant excepted to the judgment of the court, and for the purpose of having the record reviewed has brought the record to this court by an appeal.

The errors assigned are, that the court erred in overruling the motion to strike the petition from the files and in overruling the demurrer, and in entering judgment against appellant. The sufficiency of the petition to give the court jurisdiction was raised by the motion to strike, and its sufficiency to support the judgment by the general demurrer. In our opinion only one question requires consideration.

Appended to said petition is the following form of affidavit:

"STATE OF ILLINOIS, ⎰ *ss.*
  *Moultrie County.* ⎱

"George A. Daugherty, being one of the contestants herein named, deposes and says that he has read the above foregoing notice of the contest of the election of D. W. Carnine to the office of highway commissioner of East Nelson township and knows the contents thereof, and that the same is true.

GEORGE A. DAUGHERTY.

"Subscribed and sworn to before me this ...... day of April, A. D. 1913."

Appellant makes the point that the court erred in overruling the motion to strike the petition from the files because it was not sworn to. It will be noted that there is a form of affidavit attached to the petition to which is added the name of one of the contestants, but there is no jurat to said affidavit, signed by any person authorized to administer oaths, showing that the affidavit was signed and sworn to by the person whose name is signed to the affidavit, nor is there any proof anywhere in the record showing that the petition was, in fact, sworn to. The question here presented is whether a petition to contest an election which is not sworn to is sufficient to give the court jurisdiction to proceed and adjudicate the controversy.

Proceedings to contest an election are purely statutory and have no vigor outside of the statute. (*Hall* v. *Thode,* 75 Ill. 173.) In the above case a writ of error was dismissed by this court which brought up the record of an election contest, on the ground that the statute provided

for an appeal and that an appeal was the only remedy. In *Allerton* v. *Hopkins,* 160 Ill. 448, it was held that a court of equity had no jurisdiction of a bill of review to correct errors in a proceeding to contest an election. The doctrine was again announced that the proceeding to contest an election was purely statutory, and that the jurisdiction of courts over election contests must be exercised only in accordance with the limitations of the statute. This doctrine has never been departed from in this State.

Section 113 of chapter 46 of Hurd's Statutes of 1911 provides as follows: "The person desiring to contest such election shall, within thirty days after the person whose election is contested is declared elected, file with the clerk of the proper court a statement, in writing, setting forth the points on which he will contest the election, which statement shall be verified by affidavit in the same manner as bills in chancery may be verified."

The above statute gives a cause of action where none existed at the common law. The legislature, in granting such right, had the power to impose such conditions and limitations as it saw fit. One of the conditions is that the petition must be filed within thirty days after the person whose election is contested is declared elected. No one would contend that the court could take jurisdiction of an election contest commenced after the expiration of the thirty days. The action is to be commenced by filing with the clerk of the proper court a statement in writing. The legislature here gives plain directions to a party desiring to avail himself of the statutory right to contest an election. The statement must set forth the points on which the election will be contested, and finally the statute requires that the statement *"shall be verified by affidavit,"* etc. Clearly a statement that contained no points upon which an election could be contested would not be a compliance with this statute, and a proper petition in writing, duly verified by affidavit but filed with the coroner or sheriff or with the

board of supervisors, would not be a compliance with the statute and would confer no jurisdiction upon any court to act. The petition must be filed, under the statute, with the clerk of the proper court, and if filed with the clerk of the circuit court when it should be filed with the clerk of the county court, or *vice versa,* no jurisdiction would attach. Clearly the filing of a statement or petition which is not verified by an affidavit, as required by the statute, is insufficient to authorize the court to proceed until the defect is corrected.

The rule is deducible from the decisions in this State that where a statutory right is given upon the making of an affidavit or verifying a pleading by affidavit, the making of such affidavit or verification is a condition precedent which must be complied with before the right given can be claimed. Section 96 of the Local Improvement act of 1897 limits the time for suing out a writ of error and requires the filing of an affidavit stating certain facts, and this court has uniformly held that the making of the affidavit is a condition precedent to the right to a writ of error, and that a writ sued out in that class of cases without the filing of such affidavit does not give the party a right to a review. (*Hart Bros.* v. *West Chicago Park Comrs.* 186 Ill. 464; *Lingle* v. *City of Chicago,* 212 id. 512.) Section 1 of chapter 1 of Hurd's Statutes provides that certain pleas in abatement must be verified by the affidavit of the person offering the same or of some other person for him. The cases holding that a plea in abatement which is not verified by affidavit may be stricken from the files are numerous. (See *Ryan* v. *Lander,* 89 Ill. 554; *Life Association of America* v. *Fassett,* 102 id. 315; *Grand Lodge Brotherhood of Railroad Trainmen* v. *Randolph,* 186 id. 89; *Spencer* v. *Ætna Indemnity Co.* 231 id. 82.) In *Conway* v. *Sexton,* 243 Ill. 59, this court held that where it appeared from the face of the petition that necessary parties had been omitted, the objection could be taken on a

motion to dismiss.   It was there held, in accordance with earlier cases, that the proceeding to contest an election is to all intents and purposes a chancery proceeding and subject to the rules that govern them.   It is a general rule of chancery pleading that every answer shall be verified by an oath or affirmation, and this rule is recognized by section 21 of our Chancery act.   An unsworn answer filed where one under oath is required may be stricken from the files on motion, and this is well established chancery practice.   (Daniell's Ch. Pl.—5th Am. ed.—784; 1 Ency. of Pl. & Pr. 892.)   An answer of a corporation may be stricken from the files where it is not signed by the chief officer or the seal of the corporation is not attached.   *Fulton County* v. *Mississippi and Wabash Railroad Co.* 21 Ill. 337.

Under the rules of chancery practice, which apply to proceedings to contest elections except where the statute provides otherwise, the filing of a petition without its being sworn to as the statute requires was such a defect as required the court to strike the petition from the files, and the county court erred in overruling appellant's motion to strike this petition.

Appellees suggest that the filing of a demurrer was a waiver of the previous motion to strike.   The effect of filing the demurrer was to enter the general appearance of appellant.   Had his prior motion been based upon a want of jurisdiction of the person then the doctrine contended for would apply and the filing of a demurrer would be to submit the person of the defendant to the jurisdiction of the court, but this did not have the effect of curing the defect in the petition, which is intended to bring the subject matter of controversy under the jurisdiction of the court.

In the view that we take of this case it is not necessary to consider other objections pointed out to the petition under the demurrer.

The court undoubtedly would have had the 'power to allow an amendment by permitting the officer before whom the affidavit was sworn to,—if it was, in fact, sworn to,— to attach his *jurat* had appellees made a cross-motion for that purpose. But no amendment was made and the sufficiency of the petition must be determined in its present form. The petition was insufficient under the law, and the motion to strike it from the files should have been allowed.

The judgment of the county court of Moultrie county is reversed and the cause remanded.

*Reversed and remanded.* ·

