T. B. FARRELL, Appellee, *vs.* AXEL HEIBERG, Appellant.

*Opinion filed February 21, 1914—Rehearing denied April 15, 1914.*

1. ELECTIONS—*when ballots are discredited the result is determined by returns, if latter are not impeached.* Where the ballots have been so improperly kept as to be deprived of their force as the best evidence the result must be determined by the unimpeached returns, and the result must be declared accordingly, notwithstanding the canvassing board for some reason did not credit the votes in one precinct in accordance with the returns and declared the candidate elected who the returns show was defeated.

2. SAME—*what a sufficient affidavit to petition.* An affidavit to a petition to contest an election is sufficient which states that the affiant "has read the foregoing petition subscribed to by him and knows the contents thereof and that the same is true except as to matters therein set forth upon information and belief, and as to such matters he believes them to be true."

APPEAL from the County Court of LaSalle county; the Hon. W. H. HINEBAUGH, Judge, presiding.

ARTHUR H. SHAY, H. L. RICHOLSON, and BOYS, OSBORN & GRIGGS, for appellant.

W. A. PANNECK, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

At an election held November 5, 1912, appellant and appellee were opposing candidates for the office of auditor of LaSalle county. Heiberg, the appellant, was declared elected. Farrell, the appellee, contested the election and the

county court found that Farrell was elected. This is an appeal by Heiberg for the purpose of obtaining a review of the record of the county court.

At the October term, 1913, of this court the case of Edward Rottner against John F. Buchner, who had been opposing candidates for the office of recorder of deeds of LaSalle county at the November election, 1912, was decided and a rehearing was denied at the December term. The record in the case at bar is identical in every respect with the record in *Rottner* v. *Buchner*, 260 Ill. 475. In that case we considered the manner in which the ballots had been preserved after they left the hands of the election judges, and reached the conclusion that such ballots had not been preserved in such way and with such care as to entitle them to more weight in deciding the contest than the official returns of the election officers. That case was decided upon the returns, excluding from consideration the discredited ballots. There was in that case, as there is in this, a controversy as to the returns from the fifth precinct of the city of Ottawa, but since in the *Rottner-Buchner case* the result was not changed whatever view might be taken in respect to the dispute over the fifth precinct of Ottawa, the dispute in reference to that precinct not being necessary to a decision of the case, no opinion was expressed in regard thereto. The situation in the case at bar is different. In the seventy-one precincts of the county, exclusive of the fifth precinct in Ottawa, appellant only had a majority over appellee of three votes. On the face of the returns from the fifth precinct in Ottawa appellee received 166 votes while appellant received only 127. Appellee therefore had a majority of 39 votes in the fifth precinct of Ottawa, which, if the returns are to govern, would overcome appellant's majority and leave appellee a net majority in the county over appellant of 36 votes. A photographic copy of the returns is in the record, which shows that Farrell received 166 votes in the fifth precinct of Ottawa while appellant is

credited with 127. The canvassing board for some reason deducted 93 votes from appellee's total in the fifth precinct of Ottawa and only credited him with 73 votes. By this process of elimination appellee's vote was reduced so that appellant was declared elected.

Adhering, as we do, to the conclusion reached in the *Rottner-Buchner case* that the ballots were so carelessly and negligently preserved that they cannot be regarded as sufficient to overcome the returns duly certified to by the election officers, the result is that appellee was duly elected to the office of county auditor.

Appellant insists that the county court was without jurisdiction to hear this contest for the reason that appellee's petition was not properly verified. The original petition was sworn to by appellee, and the affidavit attached recites that appellee has "read the foregoing petition subscribed to by him and knows the contents thereof, and that the same is true except as to matters therein set forth upon information and belief, and as to such matters he believes them to be true." After the original petition was filed an amendment was made thereto by leave of court, which amendment was sworn to, the affidavit reciting that the appellee "being duly sworn, on oath deposes and says that he has read the above and foregoing amendment to his original petition filed in said cause and that the same is true in substance and in fact." The objection urged is to the affidavit attached to the original petition, and raises the question whether the statement made on information and belief is in compliance with the statute.

This is the first time this question has been presented to this court. Section 113 of chapter 46 of Hurd's Statutes of 1911 requires the petition to contest an election to set forth the points on which the contest is based, and that such petition "shall be verified by affidavit in the same manner as bills in chancery may be verified." This court held in *Daugherty* v. *Carnine,* 261 Ill. 366, that this statute was

mandatory and a compliance therewith necessary to confer jurisdiction. In that case it did not appear that the petition had been sworn to at all. In the case at bar affidavits were attached both to the original and amended petitions, but it is insisted that an affidavit in part based upon information and belief and a statement that the affiant believed such matters to be true is not a compliance with the statute. It will be noted that the statute does not prescribe a form of verification, the requirement in this regard being, that the statement "shall be verified by affidavit in the same manner as bills in chancery may be verified." The general rule applicable to the verification of bills in equity is, that the affidavit should be in such form as to subject the party making it to a prosecution for perjury in case the matter sworn to proves to be false. The usual form of verification of bills in equity is, that the party verifying has read the bills subscribed by him (or has heard them read) and knows the contents thereof, and that the same is true of his own knowledge except as to matters which are therein stated to be on his information and belief, and as to those matters he believes them to be true. (3 Daniell's Ch. Pl. & Pr.—6th Am. ed.—2171; 1 Barbour's Ch. Pr. 44; Ency. Pl. & Pr. 22, 1021.) The statute should have a reasonable construction in order to accomplish the purpose intended. To hold that a petition to contest an election should only contain such statements as were within the contestant's own personal knowledge would be impracticable, since from the very nature of the proceeding the contestant must rely largely on information obtained from others, and as to such information the contestant could only make oath that he believed the statements to be true. The verification of the petition was sufficient.

The judgment of the county court of LaSalle county will be affirmed.

*Judgment affirmed.*