(No. 18473.—

C. T. HULSE *et al.* Appellants, *vs.* FRANK L. NASH, Appellee.

*Opinion filed October 25, 1928—Rehearing denied Dec. 7, 1928.*

HILES & NEWELL, for appellants.

J. F. EECK, and ROBERT W. TUNNELL, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

This is an appeal from an order and judgment of the circuit court of Madison county dismissing for want of jurisdiction the petition of C. T. Hulse, Henry W. Bartels, W. W. Calve, A. W. Hellinger and J. M. Wilkins, appellants, to contest the election of Frank L. Nash, appellee, to the office of mayor of the city of Edwardsville.

The petition was filed May 10, 1927, and sets out the following jurisdictional facts, to-wit: Petitioners are, and on April 19, 1927, were, residents, citizens and duly qualified electors of the city of Edwardsville. On that day an election was held for the office of mayor and for other officers of the city of Edwardsville, and appellant C. T. Hulse was a candidate for mayor on the People's ticket, and appellee, Frank L. Nash, on the Non-Partisan ticket, and they were the only candidates for that office. There are

four wards in the city of Edwardsville and at said election there was a polling place in each ward, where ballots were received between seven o'clock A. M. and five o'clock P. M. for the office of mayor. After the polls were closed the judges of the election at their respective polling places counted the ballots cast in each ward for mayor and made their returns to the city clerk, as required by statute. The city clerk received and retained the ballots and returns and on April 20 delivered the returns to the city council, which opened and examined them, made a canvass and declared the result of the election. Hulse was, and is, duly qualified to hold the office of mayor of the city of Edwardsville. The returns of the canvassing board showed that Nash received 1414 votes and Hulse 1409 votes for the office of mayor. The returns showed the votes in the various wards to be: In the First ward, Hulse 327, Nash 274; in the Second ward, Hulse 323, Nash 468; in the Third ward, Hulse 380, Nash 359; and in the Fourth ward, Hulse 379, Nash 313. The city council, after canvassing the votes, declared that Nash was elected mayor and a certificate of election was issued to him, and he on May 3 entered on the duties of the office of mayor of the city of Edwardsville.

The petitioners further averred that the returns from which the canvass was made by the city council showed numerous errors of the judges and clerks in counting the ballots. They also averred that they were informed and believed these facts, to-wit: That at each of the four polling places there were 25 legal votes cast and voted for Hulse for the office of mayor which were not counted for him by the election judges but were counted for Nash; that at the polling place in the Third ward 735 voters voted whose names appear on the poll-book of that ward; that the returns of said ward show 739 votes cast for mayor, that there were a number of ballots not counted for the office of mayor, and that the returns gave Nash more votes than were cast in the Third ward; that a number of per-

sons voted at the election who were not legal voters of the wards in which they voted and they voted for Nash; that the votes of such persons were counted for Nash and were included in the returns of the election; that there were in the four wards, respectively, fifty persons voting at said election who were not legal voters of the respective wards in which they voted; that Hulse, and other persons for him, have requested of the city clerk to be allowed to inspect the poll-books and returns of the election to ascertain the names of persons who voted, and their legal residences, for the purpose of comparing the poll-books with the returns to ascertain the precise source of the errors and discrepancies existing between the poll-books and the returns made by the canvassing board, but these requests have been refused and petitioners are unable to state the facts concerning the poll-lists and returns except upon information and belief.

The petition concludes with the two following paragraphs in which appellants set forth grounds or points upon which they sought to contest the election aforesaid, to-wit: Petitioners aver that there were more votes cast for Hulse, in the aggregate, at the election for the office of mayor than were voted and cast, in the aggregate, for Nash for that office, but the judges of said election in the said several polling places in said city failed and neglected to count said votes for Hulse, as they were cast, and if they had counted said votes as they legally should have counted them, the returns of said election would have shown the said Hulse elected to said office of mayor at said election.

Petitioners further aver that Hulse was at the election aforesaid duly elected to the office of mayor of the said city by the electors and legal voters who voted at said election, and the returns of said election should have so shown, and the said city council, acting as canvassing board, upon the canvass of said election should have so declared and the authorized party should have so certified;

that at said election a large number of illegal votes, to-wit, 50, were cast by persons whose names are unknown to petitioners and were counted for Nash for the office of mayor, and that upon an inspection of the poll-books petitioners will be able to verify the names of such illegal voters. The prayer of the petition is that the ballots may be counted and the correct result of the election be determined by the court; that evidence be heard and the illegal ballots cast at the election be not considered in determining the result thereof; that if it appears that Hulse received more legal votes for the office of mayor than Nash, then that the certificate of election issued to Nash may be declared void and that the court declare Hulse to be the duly elected mayor of Edwardsville, and that the ballots, affidavits, poll-lists and all papers pertaining to the election may be impounded. There is also a general prayer for relief and a prayer for process.

The affidavit to the petition was signed and sworn to by all the petitioners before a notary public. It is in the following words: "C. T. Hulse, Henry W. Bartels, W. W. Calve, A. W. Hellinger and J. M. Wilkins, being severally duly sworn, each on his individual oath, according to law, deposes and says that he has heard read the foregoing petition subscribed to by him and knows the contents thereof, and that the same, and the matters and things therein contained and set forth, are true as therein charged, except as to matters therein set forth upon information and belief, and as to such matters affiant believes them to be true."

Service of summons was had upon appellee, and on May 23, 1927, the court entered an order impounding the ballots, affidavits, poll-lists, tally-sheets and other papers pertaining to the election. On said day appellee moved to strike the petition from the files for want of jurisdiction, because the petition was not "verified by affidavit in the manner and form required by statute." On June 27, by leave of court, appellee filed an additional ground for his

motion to strike the petition, which was, that the petition did not "set forth the points on which petitioners seek to contest the election of defendant." Argument was heard on the motion to strike on July 11, and on July 29 the court entered an order sustaining that motion. Petitioners by formal motion in writing asked leave of the court to amend the petition by inserting immediately after each of the allegations in the petition, "petitioners are informed and believe," the words "and so state the facts to be," so that all matters alleged in the petition on information and belief will also be preceded by the allegation, "and so state the facts to be," as is usual in such pleadings wherein matters are alleged on information and belief. Petitioners also asked leave to further amend the petition by inserting the word "legal" before the word "votes" in the paragraph wherein they alleged that Hulse "received more votes for mayor, in the aggregate, than Frank L. Nash." This motion for leave to amend was denied by the court and the petition was dismissed for want of jurisdiction. The appeal by the appellants was thereupon prayed to this court and perfected.

The first question argued by the parties in this court is as to the sufficiency of the affidavit to the petition. The affidavit is substantially formed and worded as was the affidavit to the petition to contest an election in *Farrell* v. *Heiberg,* 262 Ill. 407. In that case the affidavit was that appellee had "read the foregoing petition subscribed to by him and knows the contents thereof, and that the same is true except as to matters therein set forth upon information and belief, and as to such matters he believes them to be true." The affidavit in the present case is that each petitioner has heard "read the foregoing petition subscribed to by him and knows the contents thereof, and that the same, *and the matters and things therein contained and set forth,* are true *as therein charged,* except as to matters therein set forth upon information and belief, and as to such

matters affiant believes them to be true." These affidavits are identical, except that in the affidavit in this case the words printed in italics are not found in the affidavit in the *Farrell* case.

Appellee argues that the addition of the words "as therein charged" renders the affidavit defective. The argument is that the petition represents certain facts but does not contain an allegation that those facts are true, and that therefore, because the words "as therein charged" are added to the affidavit, the oath is merely that the petitioners represent certain facts but does not represent or allege that those facts are true. In our opinion the words "as therein charged," in the affidavit, neither add to nor detract from its meaning and effect and may be treated as surplusage. The petitioner represents or charges certain facts. An affidavit that those facts are true "as therein charged" has the same effect and meaning as an affidavit that the facts represented or charged are true.

The affidavit as to the representations made on information and belief is in the identical form approved in *Farrell* v. *Heiberg, supra,* but appellee insists that that part of the affidavit is defective because it is impossible to tell what is sworn to positively and what is sworn to on information and belief. He states that the form should be, "except as to those matters therein *stated to be* on information and belief." It is true that an affidavit that the facts in a pleading "are true, except so far as they are stated on information and belief," has been held defective in failing to distinguish between matters stated on the pleader's own knowledge and those stated on information and belief. (*Christian Hospital* v. *People,* 223 Ill. 244.) Such an affidavit, instead of referring the court to the pleading to ascertain what is represented to be on information and belief, requires a search of the mind of the pleader for what he intended to assert on information and belief. That, in our opinion, is not true of the affidavit in this case. Its words are, "ex-

cept as to matters therein set forth on information and belief." We see no reason to depart from our former holding that that form is good in cases of this kind. The decision in *Farrell* v. *Heiberg, supra,* was cited and approved in *Jackson* v. *Winans,* 287 Ill. 382. The petition in this case clearly discloses all that is stated therein on information and belief and the matters of fact that are positively averred and charged to be facts. These latter facts are positively and unequivocally sworn to by the petitioners as being true and those facts so stated and sworn to were sufficient to give the court jurisdiction to hear the contest and declare the result of the election.

The other ground on which appellee asked to have the petition stricken is that it did not set forth the points on which petitioners sought to contest the election. In appellee's argument on this contention our attention is called to the fact that appellants in attempting to set out their first three points of contest merely alleged or averred that they were informed and believed, (1) that in each of the four wards 25 votes were cast for Hulse that were not counted for him by the judges but were counted for Nash; (2) that in the Third ward the returns show more votes cast for the office of mayor than there were names of voters on the poll-book of that ward, and that a number of ballots cast in that ward were not counted for the office of mayor; (3) that persons voted who were not legal voters in the wards in which they respectively voted, and these votes were cast and counted for Nash. It is true that an averment that the pleader is informed and believes certain facts are true is not equivalent to an averment that such facts are true, and that the former averment is improper and fatally defective because an issue on such an averment merely challenges the existence of such information and belief and not the truth or falsity of the facts to which reference is thus made. (*Walton* v. *Westwood,* 73 Ill. 125; *Murphy* v. *Murphy,* 189 id. 360.) In his argument ap-

pellee overlooked the fact that appellants also set out two paragraphs in their petition in which they set out two other points for contesting the election, and in those paragraphs the facts are specifically and positively alleged without any statement whatever that they were made on information and belief. In one of these paragraphs it is, among other things, charged that at said election a large number of illegal votes, to-wit, 50, were cast and counted for Nash for the office of mayor, etc. This paragraph stated a good ground or point for contesting the election, when it is considered with all the other facts alleged in the petition, and for the reason that appellee was declared elected by a majority over appellant Hulse of only five votes. With these latter paragraphs in the petition it properly sets out a good cause for contest as against a general demurrer. Although irregular and unknown to correct chancery practice a motion to dismiss a bill, interposed before answer, and acted on by the court, must be held to have the same effect as a general demurrer, and when the motion is so treated, the allegations of the bill must be considered as true. (*Vieley* v. *Thompson,* 44 Ill. 9; *Grimes* v. *Grimes,* 143 id. 550.) The same practice as to motions to dismiss a bill in equity for want of jurisdiction prevails in election contest cases in this State. *Conway* v. *Sexton,* 243 Ill. 59; *Clarke* v. *Bettenhausen,* 296 id. 373; *Brelsford* v. *Community High School District,* 328 id. 27.

The court erred in dismissing the petition for want of jurisdiction, and in denying appellants leave to amend their petition. A proceeding to contest an election is statutory and is not a proceeding in chancery, but after the petition is filed the case is to be tried in like manner as cases in chancery. The practice to dismiss a bill is confined to cases where there is a want of equity upon the face of the bill, and it is manifest that no amendment can aid it, or where there is a want of jurisdiction. (*Thomas* v. *Adams,* 30 Ill. 37; *Johnson* v. *Freeport and Mississippi River Railway Co.*

111 id. 413; *Leonard* v. *Arnold,* 244 id. 429.) In election contest cases any amendment may be made to a petition which sets forth a good point or points of contest, which is filed by electors within the time allowed by statute and which is verified by proper affidavit, even after the thirty days have expired for filing the same. *Dale* v. *Irwin,* 78 Ill. 170; *Brents* v. *Smith,* 250 id. 521; *Clarke* v. *Bettenhausen, supra.*

The judgment of the circuit court is reversed and the cause remanded, with directions to allow petitioners to amend their petition in any manner they may be advised, and for further proceedings.

*Reversed and remanded, with directions.*