(No. 18993.—

EMIL BRAMSTAEDT *et al.* Appellants, *vs.* THE INDIAN BOUNDARY SANITARY DISTRICT *et al.* Appellees.

*Opinion filed October 25, 1928—Rehearing denied Dec. 11, 1928.*

RATHJE & CONNOR, and JOSEPH J. AUGUSTUS, for appellants.

THOMAS MARSHALL, (BURRELL J. CRAMER, of counsel,) for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Eleven persons filed a petition in the superior court of Cook county to contest an election held for voting upon a proposed sanitary district called Indian Boundary Sanitary District. The petition avers that an election was held July 13, 1927, for the organization of said sanitary district; that the returns of the election were canvassed on July 18, 1927, by the proper officers; that a total of 219 persons voted at the election; that the canvassing board certified 96 persons voted for the district and 74 persons voted against the district but did not certify the total number of votes cast at the election; that the statute under which the election was held provides that any 100 legal voters within the limits of

the proposed district may petition the county judge to cause the question of incorporation to be submitted to the legal voters of such proposed district; that a petition purporting to be signed by 100 legal voters was filed in the office of the clerk of the county court; that petitioners are informed and believe, and so state the fact to be, that the petition was signed by numerous persons who were not legal voters of the district at the time they signed the petition and did not reside at the places stated in the petition; that the petition did not contain the names of 100 legal voters resident within the district, and that there was no proof that at the time of the filing of the petition the signatures thereto were genuine; that they are informed and believe that the notice required by statute of the time and place where the commissioners were to meet to consider the boundaries of the proposed district was not given in the manner provided by statute, and many persons in the proposed district did not have an opportunity to be heard touching the location and boundary of the proposed district; that the election held July 13, 1927, was a special election, of which due notice had to be given as designated in the statute, and petitioners are informed and believe that the notice provided by statute was not given and that a great number of legal voters of the proposed district had no notice of the election and were deprived of their right to vote, and the number of those deprived was sufficient to have changed the result of the election; that a large number of illegal and fraudulent votes were cast in favor of the incorporation of the district; that the judges of the election permitted numerous persons who are not legal voters in said district to vote at the election, and the illegal votes so cast were received, counted and certified as a part of the full and legal vote cast at the election; that the number of these illegal votes cast at the election was sufficient to entirely change the result of the election, and that if they had been rejected the result would have been against the incorporation of the district; that

49 ballots were rejected and thrown out by the judges of the election; that more than 40 of said ballots were legal ballots and were cast against the adoption of the proposed district; that said ballots were improperly, wrongfully and unlawfully thrown out by the judges of the election and should have been counted against the incorporation of the district; that if the ballots so improperly and unlawfully thrown out had been counted in making up the returns the number of ballots against the adoption of the district would have exceeded the number cast for it. The petition refers to and quotes a part of section 316 of chapter 42 of our statutes and avers that the canvassing board on the 18th of July, 1927, canvassed the vote and certified the total of 219 voters in the proposed district voted at the election; that 96 votes were for the proposed district and 74 against it, leaving a balance of 49 votes cast but not counted for or against the district; that the proposition for organization of the district did not receive a majority of the votes cast; that a majority of all the votes cast was 110, and that the statute requires a majority of the votes cast upon the question for the organization of the district to be in favor of organization, and that the proposition for the organization of the district not having received a majority of the votes cast the district was not organized; that after the vote was canvassed the county judge on August 2, 1927, appointed trustees of the district. The persons appointed trustees were also made defendants to the petition. The petition prayed that the defendants be required to answer the same, and that the court inquire into and determine whether the statute had been complied with; that the ballots be brought into court and re-counted under the direction of the court and that the true and correct result be ascertained and declared, and if the proposition to organize a district did not receive a majority of the votes cast, that the incorporation of the district and the appointment of the trustees be declared illegal and the election declared null

and void. The petition was signed by the eleven petitioners who filed the same. Appended to the petition was the following affidavit of all of the petitioners:

"STATE OF ILLINOIS, $\}$ _ss._
 _County of Cook._ $\}$

"On this 11th day of August, 1927, before me personally appeared Emil Bramstaedt, Chas. Stehl, Fred Stehl, George Stehl, M. F. Weber, Mrs. George Weber, Fred Ehrich, Catherine Ehrich, Edw. W. Hunstock, Edw. Hunstock, Jr., and Elmer Hunstock, and made oath that they have heard read the above petition, subscribed by them, and know the contents thereof, and that the same is true, of their own knowledge, except as to matters which are therein stated to be on their information and belief, and as to those matters they believe them to be true.

(Seal)                    JOSEPH J. AUGUSTUS, _Notary Public._"

Defendants to the petition filed a general demurrer. The court sustained the demurrer and dismissed the petition. The petitioners appealed to this court, and the record is now before us for review.

Paragraph 126 of the Elections act (Cahill's Stat. 1927, p. 1117,) is as follows: "The person desiring to contest such election shall, within thirty days after the person whose election is contested is declared elected, file with the clerk of the proper court a statement, in writing, setting forth the points on which he will contest the election, which statement shall be verified by affidavit in the same manner as bills in chancery may be verified." The petition was filed within the time the statute requires. The point upon which the court sustained the demurrer, as appears from the brief, and which, in fact, is the only point made against the sufficiency of the petition by appellees, is that the petition was not verified by affidavit. It will be seen the statute requires the petition to set forth the points upon which the petitioners will contest the election, "which statement shall be verified by affidavit in the same manner as bills in chancery may be verified." Appellees' position is that the affidavit of petitioners appended to the petition is not an affidavit

setting out the causes of contest and their truth but is a mere verification of the petition.

*Farrell* v. *Heiberg,* 262 Ill. 407, was an election contest before the county court and the merits of the case were determined in that court. In this court, on appeal, it was contended by appellant that the petition was not properly verified. The affidavit or verification of the petition is not set out in the opinion, but the court in its opinion said the affidavit recited that the petitioner had "read the foregoing petition subscribed to by him and knows the contents thereof, and that the same is true except as to matters therein set forth upon information and belief, and as to such matters he believes them to be true." The court in its opinion said: "The general rule applicable to the verification of bills in equity is, that the affidavit should be in such form as to subject the party making it to a prosecution for perjury in case the matter sworn to proves to be false. The usual form of verification of bills in equity is, that the party verifying has read the bills subscribed by him (or has heard them read) and knows the contents thereof, and that the same is true of his own knowledge except as to matters which are therein stated to be on his information and belief, and as to those matters he believes them to be true,"—citing 3 Daniell's Ch. Pl. & Pr. (6th ed.) p. 2171, and 1 Barbour's Ch. Pr. 44. The court held the verification of the petition was sufficient. The affidavit or verification to the petition in this case expressly recites that the petitioners have heard the petition read, which they had signed, and know the contents thereof, and that the same are true of their own knowledge except as to matters which are stated to be on their information and belief, and as to those matters they believe them to be true. That would have been a sufficient verification by affidavit if the petition had been a bill in chancery.

Appellees cite and rely upon *Daugherty* v. *Carnine,* 261 Ill. 366, and say that case is decisive of the question here

involved in appellees' favor. That case was a petition to contest the election of a commissioner of highways. Defendant to the petition entered a limited appearance and moved the court to strike the petition from the files. The motion was overruled and defendant demurred to the petition, and the demurrer was also overruled. Defendant declined to answer further. The court heard testimony and rendered judgment in favor of petitioners. Defendant appealed to this court and assigned as error the action of the court in overruling the demurrer and rendering judgment for petitioners. The following purported affidavit or verification was appended to the petition:

"STATE OF ILLINOIS,⎫ ss.
  *Moultrie County.*⎬

"George A. Daugherty, being one of the contestants herein named, deposes and says that he has read the above foregoing notice of the contest of the election of D. W. Carnine to the office of highway commissioner of East Nelson township and knows the contents thereof, and that the same is true.

GEORGE A. DAUGHERTY.

"Subscribed and sworn to before me this.......day of April, A. D. 1913."

Defendant contended the petition was not sworn to and should have been stricken from the files. The court quoted from the statute that the petition "shall be verified by affidavit," etc. The verification in that case did not purport to be sworn to before any body or officer authorized to administer an oath and contained no date. The court said, *inter alia:* "Under the rules of chancery practice, which apply to proceedings to contest elections except where the statute provides otherwise, the filing of a petition without its being sworn to as the statute requires was such a defect as required the court to strike the petition from the files, and the county court erred in overruling appellant's motion to strike this petition. Appellees suggest that the filing of a

demurrer was a waiver of the previous motion to strike. The effect of filing the demurrer was to enter the general appearance of appellant. Had his prior motion been based upon a want of jurisdiction of the person then the doctrine contended for would apply and the filing of a demurrer would be to submit the person of the defendant to the jurisdiction of the court, but this did not have the effect of curing the defect in the petition, which is intended to bring the subject matter of controversy under the jurisdiction of the court. In the view that we take of this case it is not necessary to consider other objections pointed out to the petition under the demurrer. The court undoubtedly would have had the power to allow an amendment by permitting the officer before whom the affidavit was sworn to,—if it was, in fact, sworn to,—to attach his *jurat* had appellees made a cross-motion for that purpose. But no amendment was made and the sufficiency of the petition must be determined in its present form. The petition was insufficient under the law, and the motion to strike it from the files should have been allowed." The judgment was reversed by this court and the cause remanded. In its opinion the court clearly implied that if the amendment had been made the petition would have been sufficient.

The petition in this case was verified by affidavit in the usual form of verifying bills in chancery, (*Farrell* v. *Heiberg, supra,*) and was in compliance with the requirements of the statute. The court erred in sustaining the demurrer. For that reason the judgment is reversed and the cause remanded, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*