(No. 20775.—

C. E. GIRHARD, Appellee, *vs.* MERLE D. YOST, Appellant.

*Opinion filed June 18, 1931.*

ALBERT E. ISLEY, and KASSERMAN & KASSERMAN, for appellant.

W. F. JOHNSON, and MILO D. YELVINGTON, for appellee.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Appellee filed a petition in the circuit court of Jasper county to contest the election of appellant to the office of county superintendent of schools in that county. On hearing the court found that appellee was elected to said office and that the certificate of election issued to appellant was null and void. Appellant brings the cause here for review.

Appellant's first assignment of error is the denial by the court of his motion to dismiss appellee's petition for want of jurisdiction. This motion was based on the ground, among others, that the petition was not properly verified.

The petition avers that appellee, the petitioner, is a legally qualified elector of Jasper county and had resided in the county for more than one year then last past. It

avers that an election was held on November 4, 1930, at which the people of the county voted to fill the office of county superintendent of schools; that the petitioner and appellant were candidates and that there were no other candidates for that office. The petition avers that after the closing of the polls the judges of election proceeded to count the ballots; that same were thereafter sealed and delivered to the county clerk; that thereafter the clerk, together with two justices of the peace of the county, made a canvass thereof, as required by statute, and that the canvass showed that the petitioner had received 2895 votes and that Yost, the appellant, received 2944 votes. The petition then charges that the result of the canvass is incorrect, erroneous and was arrived at through mistakes and errors, and that in truth the petitioner received the higher number of legal votes and should have been declared elected. The petition then specifically charges that in each precinct of the county twenty votes had been counted for appellant which were illegal because they did not have thereon the initials of one of the judges of election. As to a portion of the precincts this allegation was later amended by alleging that one hundred instead of twenty illegal votes were counted for appellant.

The petition was signed by appellee and contained the following as a verification thereof: "C. E. Girhard being first duly sworn, on his oath deposes and says that he is the person whose name is subscribed to the foregoing petition and that he is acquainted with the contents thereof. Affiant further states that the matters and things therein contained are true to the best of his knowledge, information and belief." This affidavit was signed and sworn to before L. W. Kellogg, notary public. Appellant contends that this affidavit is not sufficient to give the court jurisdiction.

The right to contest an election is statutory and the procedure by statute prescribed must be strictly followed. The case is neither an action at law nor in equity. Section 116 of the Elections act provides that after the filing of the

contest the case shall be tried in like manner as cases in chancery. Section 112 of the Elections act gives the right to any elector of the State, judicial division, district, town or precinct in and for which the person is declared elected, the right to contest the election of any person declared elected, other than those by that section excepted. By section 113 a person desiring to contest an election shall, within thirty days after the person whose election is contested is declared elected, file with the clerk of the proper court a statement in writing setting forth the points on which he will contest the election, "which statement shall be verified by affidavit in the same manner as bills in chancery may be verified." In *Daugherty* v. *Carnine,* 261 Ill. 366, *Farrell* v. *Heiberg,* 262 id. 407, *Clarke* v. *Bettenhausen,* 296 id. 373, *Kelly* v. *Brown,* 310 id. 319, it was held that the proceeding in the contest for election being wholly statutory, the jurisdiction of courts over election contests can be exercised only in accordance with the statute. It was also in those cases held that the petition must be filed by an elector or electors within the time prescribed by statute, must set forth the points on which the election is to be contested and must be verified by affidavit. In *Daugherty* v. *Carnine, supra,* the petition contained the form of an affidavit partly filled out but the jurat of the officer was not signed or filled in, and it was there held that the petition was not verified as required by statute. In *Farrell* v. *Heiberg, supra,* the affidavit was that the petitioner had "read the foregoing petition subscribed to by him and knows the contents thereof and that the same is true except as to matters therein set forth upon information and belief, and as to such matters he believes them to be true." This form of verification was held sufficient. The obvious reason in that opinion pointed out is, that there are many parts of the proceedings on election day of which a contestant could know only on information or by hearsay, and if it be held that a petition to contest an election should contain only such statements as were within

the contestant's own knowledge a sufficient petition could not be filed. It was also in that case held that the general rule applicable to the verification of bills in equity is, that the affidavit should be in such form as to subject the party making it to a prosecution for perjury in case the statements sworn to prove to be false. This rule has been followed in the cases above cited, and verifications in substance as the one appearing in *Farrell* v. *Heiberg, supra,* have been sustained.

In *Christian Hospital* v. *People,* 223 Ill. 244, an affidavit stating that the facts in the pleading "are true except so far as they are stated on information and belief," was held defective in that it failed to distinguish between matters stated on the pleader's own knowledge and those stated on information and belief. Such an affidavit, instead of referring the court to the pleadings to ascertain what is submitted on information and belief, refers the court to the mind of the pleader for what he intended to assert on information and belief. In that case an affidavit in substance in the form used in the case of *Farrell* v. *Heiberg* was approved.

In *Bramstaedt* v. *Indian Boundary Sanitary District,* 332 Ill. 339, it was again held that it is necessary that petitions to contest an election be verified by affidavit, and in that case an affidavit stating that the petitioners had heard the petition read, knew the contents thereof and that same is true of their own knowledge except as it is therein stated to be on information and belief, and that as to those matters they believe them to be true, was held a sufficient affidavit. It was also in that case held that a petition filed without being sworn to in the manner required by the statute should be stricken from the files on motion. This rule was again adhered to in *Hulse* v. *Nash,* 332 Ill. 500.

In this case the entire petition is on direct statements of fact and contains no allegations on information and belief. The verification goes to the entire petition. The affidavit

is on information and belief. Such an affidavit is not sufficient to afford the basis for a prosecution for perjury in case of its falsity. Certain of the statements made were clearly within the knowledge of the petitioner and should have been sworn to positively, as, for example, the allegation of the petition that the petitioner is an elector of the county of Jasper. Certain allegations of the petition were necessarily on information and belief, and the affidavit may properly state as to such facts that they are on information and belief and that the petitioner believed them to be true. The verification here would not be sufficient in case of a bill in chancery, and therefore cannot under the Elections act be held sufficient.

Counsel for appellee cite the case of *Jackson* v. *Winans*, 287 Ill. 382, as authority for his contention that a petition to contest an election which is verified on information and belief is sufficiently verified. That case is not in conflict with the cases herein cited as it does not show that the verification was entirely on information and belief. The opinion in that case cites and follows *Farrell* v. *Heiberg, supra.* We know of no case holding that a verification solely on information and belief is a good verification to a bill in chancery where certain of its allegations are necessarily within the knowledge of the pleader.

The verification of the petition to contest the election of appellant was not sufficient to give the court jurisdiction and the motion to dismiss the petition should have been sustained. For this error the judgment of the circuit court is reversed and the cause remanded to that court, with directions to dismiss the petition.

*Reversed and remanded, with directions.*