(No. 21078.

JOSEPH M. FIGUEIRA, Appellant, *vs.* OTHO L. CALDWELL, Appellee.

*Opinion filed December 17, 1931—Rehearing denied Feb. 5, 1932.*

DOYLE, SAMPSON & GIFFIN, ALFRED F. NEWKIRK, and G. EVAN HOWELL, (W. EDGAR SAMPSON, and C. TERRY LINDNER, of counsel,) for appellant.

JOHN M. PFEIFER, and STONE, McLAREN & WEBB, (L. E. STONE, of counsel,) for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

At an election held for commissioners in the city of Springfield on Tuesday, April 7, 1931, appellant, Joseph M. Figueira, appellee, Otho L. Caldwell, and six others, were candidates for the office of commissioner. After the result had been proclaimed by the judges and clerks of the election in their respective precincts and canvassed by the canvassing board of the city it was declared by the canvassing board and entered of record by the county court of Sangamon county that Caldwell and three others had been elected commissioners and that Figueira and three others had been defeated. Within thirty days after this result had been declared and entered of record Figueira filed his petition in the county court of Sangamon county to contest the election, as provided by statute, making Caldwell and the six other candidates parties defendant. All of the defendants were defaulted except Caldwell, who filed a motion to strike the petition on the ground that it was not properly verified. The motion was overruled. Thereafter he filed a general and special demurrer, which was overruled. Appellant, by leave of court, then amended his petition by striking portions thereof, the verification being the same as to the original petition. Appellee's demurrer to the original petition was carried forward to the petition as amended and overruled, whereupon he filed an answer denying the facts stated in the petition which tended to show appellant's

election. A hearing was had on the merits and a final order entered by the court finding that Caldwell had been elected commissioner and that Figueira had been defeated, from which order this appeal was taken.

In this court a motion made by appellee to dismiss appellant's appeal was taken with the case. The basis of the motion was that appellant's petition to contest the election filed in the county court was not properly verified and was not sufficient to give that court jurisdiction. The verification was as follows:

"STATE OF ILLINOIS, ⎱ ss.
County of Sangamon. ⎰

"Joseph M. Figueira, being first duly sworn, upon his oath deposes and states that he is the petitioner in the petition herein as amended by the within and foregoing amendments; that he has read said petition as so amended and is familiar with all the matters and things therein contained; that the matters and things therein contained are true in substance and in fact as he is informed and verily believes. Further than this affiant saith not.

JOSEPH M. FIGUEIRA, *Affiant.*

"Subscribed and sworn to before me this 28th day of April, A. D. 1931.

ANNA M. STELTE, *Notary Public.*"

All the facts stated in the petition, including allegations necessarily within the knowledge of the petitioner, were stated to be "true in substance and in fact as he is informed and verily believes." This verification was solely on information and belief. In *Girhard* v. *Yost*, 344 Ill. 483, it was held that a petition to contest an election is not sufficiently verified where all the facts mentioned in the petition, including allegations necessarily within the knowledge of the petitioner, are stated to be true in the petitioner's affidavit "to the best of his knowledge, information and belief," and such verification, being solely on information and belief, was not sufficient to give the court jurisdiction, and the court there said: "The verification of the petition to contest the election of appellant was not sufficient to give

the court jurisdiction and the motion to dismiss the petition should have been sustained." The holding in *Girhard* v. *Yost, supra,* is conclusive as to the jurisdiction in this case.

An election contest being a purely statutory proceeding and the petition not being sufficient to give the county court jurisdiction, it will not be necessary to decide any of the other questions raised by appellant.

The appeal will be dismissed.     *Appeal dismissed.*