(No. 23182.

WILLIAM B. SMILEY, Appellant, *vs.* LEO W. LENANE, Appellee.

*Opinion filed February 19, 1936—Rehearing denied April 16, 1936.*

ORR, J., dissenting.

ROY D. JOHNSON, J. C. MARTINDALE, DUANE L. MARTIN, R. B. BROWN, and CHIPERFIELD & CHIPERFIELD, for appellant.

JOHN T. REARDON, and JOHN T. INGHRAM, for appellee.

Mr. JUSTICE HERRICK delivered the opinion of the court:

At an election held in Quincy, William B. Smiley was the candidate on the Republican ticket and Leo W. Lenane the candidate on the Democratic ticket for mayor of that city. They were the only candidates. Lenane was declared elected. Smiley brought a statutory proceeding under section 113 of the Elections act (Cahill's Stat. 1933, chap. 46, par. 126, p. 1266; Smith's Stat. 1933, p. 1297;) in the circuit court of Adams county against Lenane to contest his

election. Subsequent to the filing of the contest, the statute has been amended. Laws of 1935, p. 793.

The pleading filed by the contestant consisted of thirty paragraphs. Paragraphs 1-13, inclusive, state the qualification of the candidates, that an election was held in Quincy on April 2, 1935, for the office of mayor, the division·of the city into the various wards, the reception of the votes in the several precincts, the canvass of the votes by the proper officers, and the issuance of a certificate of election to the defendant, Lenane, who thereafter entered upon the discharge of his duties as mayor. Paragraphs 14-27, inclusive, except paragraph 22, each alleges, in substance, "Your petitioner further represents that he is informed and believes and upon such information and belief states the fact to be," etc. Paragraphs 14, 15, 17, 18, 19, 20, 21, 24 and 25 set out in particular the various irregularities and illegalities charged respecting the result of the election, alleging, in substance, that in each of the voting precincts legal ballots marked for the contestant, ballots having distinguishing marks, and other ballots not. properly endorsed and initialed by the judges, were severally counted for the defendant; that the judges refused to count ballots deposited and properly marked for the petitioner; that legal absentee ballots were voted for the petitioner which the judges refused to count for him, and that the petitioner did in such election in fact receive a majority of· the legal votes cast for the office of mayor and was in fact duly elected to such office. Paragraphs 28 and 29 contain the prayer for re-count and relief, and paragraph 30 asks for summons.

The defendant made his written motion to dismiss the petition. Two grounds in support thereof were urged: (1) That the petition was insufficient to warrant the relief prayed; and (2) that the verification to the petition was insufficient to confer jurisdiction upon the court to hear and determine the petition. The motion was sus-

tained as to paragraphs 16, 22, 23, 26 and 27, and it is conceded by the contestant that such paragraphs were defective and the ruling was in that respect correct.

There seems to be some confusion in the record as to whether the motion was allowed or overruled as to the remaining paragraphs. However, the court order recites that "the petition and statement of said petitioner and contestant is not sufficient in law for him to maintain his aforesaid action, and that the said defendant is not bound by law to answer the same," so that in the decision of this case we will treat the motion as having been sustained as to all the paragraphs of the petition. The court dismissed the petition. The contestant appealed to this court, and the record is now before us for review.

It is earnestly urged here by the appellee in support of the judgment of the court below that the pleading filed was a bill in chancery. No authorities in point are cited in support of this contention. "Chancery" is defined by Black's Law Dictionary, (3d ed. p. 308,) as "the system of jurisprudence administered in courts of equity." The same author (p. 216) defines a bill in equity as "a formal written complaint, in the nature of a petition, addressed by a suitor in chancery to the chancellor or to a court of equity or a court having equitable jurisdiction, showing the names of the parties, stating the facts which make up the case and the complainant's allegations, averring that the acts disclosed are contrary to equity, and praying for process and for specific relief, or for such relief as the circumstances demand." Among the authorities cited in support of such definition is *United States* v. *Ambrose,* 108 U. S. 336, 27 L. ed. 746. Tested by this definition, the pleading filed is not a bill in chancery but is clearly a petition filed under the statute for the contesting of an election.

The allegations of the petition, if true, obviously entitled the petitioner to contest the election. (*Hulse* v. *Nash,* 332 Ill. 500.) The purpose of permitting a contest of an

election is to prevent the will of the electors being thwarted either by fraud committed during the course of the election or by mistakes honestly made but by reason of which an injustice is done a contestant. Both the rights of the people and of the candidates for the office, or the issue being contested, are to be protected. The law is to have a practical construction so that the cost of the defense of a contest shall not be needlessly heaped on the defendant, but where a cause of action is properly made to appear by persons entitled to contest the contest should be permitted. A reasonable interpretation of the statute must be given it in order to accomplish the purpose for which it was enacted. (*Smith* v. *Township High School District,* 335 Ill. 346, 351; *MacGuidwin* v. *South Park Comrs.* 333 id. 58.) The statute does not contemplate that the petition should contain such statements only as are within the contestant's own personal knowledge. In an election where there are a large number of precincts, as here, where there were thirty-six, it would be impossible for a contestant to know of his own personal knowledge how all the irregularities, if there were any, occurred, or what they were, but if upon investigation he learns of mistakes, errors or frauds by which an improper result of the election has been declared, and he believes such information, he may proceed by making such allegations upon information and belief and that he believes such statements to be true. (*Greene* v. *Bjorseth,* 350 Ill. 469, 473; *Smith* v. *Township High School District, supra; Hulse* v. *Nash, supra; Bramstaedt* v. *Indian Boundary Sanitary District,* 332 Ill. 339; *Jackson* v. *Winans,* 287 id. 382; *Farrell* v. *Heiberg,* 262 id. 407.) The petition, exclusive of paragraphs 16, 22, 23, 26 and 27, was sufficient as a pleading to require an answer.

The petition was sworn to by the contestant before the circuit clerk of Adams county. The form of affidavit appended to the petition to contest is as follows:

"State of Illinois, $\left.\right\}$ *ss.*
  *County of Adams.* $\int$

"William B. Smiley, being first duly sworn, upon his oath deposes and says: I am the petitioner and contestant herein. I have read the foregoing petition and statement by me subscribed and I am familiar with the contents thereof, and I do state that the said petition is true of my own knowledge, except as to those matters therein stated to be upon information and belief, and as to such matters I believe them to be true.               W. B. Smiley,
                                    Petitioner and contestant."

The trial court held the affidavit was not sufficient. The contestant earnestly contends that the affidavit was within the requirements of the statute, while the defendant, apparently with equal sincerity, urges it was not sufficient to confer jurisdiction on the trial court. Several reasons are advanced by the defendant against the validity of the affidavit, which we will endeavor to dispose of in their order.

(1) The defendant asks us to observe the sentence, "I have read the foregoing petition and statement," etc. He urges that the use of the conjunctive word "and," between the nouns "petition" and "statement," indicates that there are two distinct parts to the pleading, namely, the petition and the narration of the facts, and that such meaning is further accentuated because later in the verification it is stated, "I do state that the said *petition* is true of my own knowledge," etc.; that the word "petition" thus used means prayer and does not refer to the whole pleading, and that thereby the affidavit specifically verifies the prayer, only, and not the entire pleading. It would seem to border on the absurd to argue that the affiant was making oath only to the effect that the prayer contained in the pleading filed by him was true. It has long been the law that courts will construe the word "and" as "or," and conversely, where it is evident that such conjunction was used with that meaning. (*Thomas* v. *Stoakes,* 328 Ill. 115; *Poehlman* v. *Leinweber,* 288 id. 58; *Olcott* v. *Tope,* 213 id. 124.) But we do not believe it necessary to resort even to that method of

construction. If the opinions of this court are any precedent for denominating the pleading filed by the contestant in an election as a "petition," the contestant here may cite a large number which justify his use of the word "petition" as synonymous with "the statement of his case," amongst which, with many other opinions, reference may be had to *Figueira* v. *Caldwell,* 347 Ill. 199, *Girhard* v. *Yost,* 344 id. 483, *Smith* v. *Township High School District, supra, MacGuidwin* v. *South Park Comrs. supra, Bramstaedt* v. *Indian Boundary Sanitary District, supra, Hulse* v. *Nash, supra, Jackson* v. *Winans, supra,* and *Farrell* v. *Heiberg, supra.*

(2) It is insisted that the use of the words "familiar with," in the sentence, "I am familiar with the contents thereof," as used in the foregoing affidavit, is not a statement that the affiant "knows the contents" of the petition. The statute applicable to election contests does not prescribe *in hæc verba* the form of verification required. The English language would be a dull and monotonous vehicle for the conveyance of thought if there were no synonyms or if their use were not permitted. The word "familiar," as here employed, is equivalent to the word "know." *Turner* v. *Loomis,* 146 Iowa, 655, 125 N. W. 664; Webster's New Int. Dict. (2d ed. 1935) p. 915; Funk & Wagnall's College Standard Dict. (1924) p. 421; 1 Shorter Oxford English Dict. (1933) p. 673; Roget's International Thesaurus of English Words and Phrases, (1931) No. 490.

(3) Lastly, it is urged that the entire affidavit is made on information and belief, only. The defendant directs our attention to the statute which requires the petition or statement to "be verified by affidavit in the same manner as bills in chancery." This court has said that "the usual form of verification of bills in equity is, that the party verifying has read the bills subscribed by him (or has heard them read) and knows the contents thereof, and that the same is true of his own knowledge except as to matters which are therein stated to be on his information and be-

lief, and as to those matters he believes them to be true." *Farrell* v. *Heiberg, supra,* p. 410.

The defendant cites and relies upon *Girhard* v. *Yost, supra,* and *Figueira* v. *Caldwell, supra.* In the *Girhard case* the affidavit stated, in substance, that the matters and things contained in the petition "are true to the best of his knowledge, information and belief." In the *Figueira case* the affidavit, so far as pertinent here, stated, "true in substance and in fact as he is informed and verily believes." Nothing appeared from the averments in either petition distinguishing between those matters necessarily within the contestant's personal knowledge and those on his information and belief. Each affidavit amounted to nothing more than a verification on information and belief. Perjury could not have been properly assigned on either. Neither authority is helpful to the defendant's contention. Here the petition, with the utmost clarity and precision, states what matters therein contained are within the personal knowledge of the petitioner and those matters which are stated to be on his information and belief and that he believes the same to be true. Each is distinctly differentiated. The affidavit specifically refers the court to the petition in order that it may be readily determined what matters are within the affiant's own knowledge and what are charged upon his information and belief. The affidavit here is manifestly within the rule laid down in *Farrell* v. *Heiberg, supra,* and was a sufficient verification of the petition to contest. *Greene* v. *Bjorseth, supra; Bramstaedt* v. *Indian Boundary Sanitary District, supra; Hulse* v. *Nash, supra; Jackson* v. *Winans, supra.*

The circuit court erred in sustaining the motion to dismiss. The judgment is reversed and the cause is remanded, with directions to overrule the motion to dismiss the petition, except as to paragraphs 16, 22, 23, 26 and 27 thereof.

*Reversed and remanded, with directions.*

Mr. JUSTICE ORR, dissenting.